66 343
87 483

WILLIAM E. WESSELS v. WASHINGTON BEEMAN AND CHARLES W. TANN.

*Fraudulent conveyances—Sale conflicting with revenue laws—Submission to jury—Bill of exceptions—Additional stipulation of counsel.*

1. Counsel cannot, by *stipulation*, add testimony to a bill of exceptions not embraced therein, nor authenticated by the judge's signature.

2. Plaintiff sued defendants for the alleged unlawful conversion of certain tobacco and unstamped cigars and other property, seized at the suit of a judgment creditor of his vendor; which sale was attacked as fraudulent in *fact* as to creditors, and as *void* in *law* as to the cigars, being in violation of the United States internal revenue laws, the government not consenting to such sale. The court directed a verdict for the defendants on the *last-named* ground.

   *Held*, that the question of the fraudulent character of the sale should have been submitted to the jury under proper instructions, even though, as to the cigars, it was in violation of the revenue laws (which point is not decided), for the reason that it embraced property not covered by those laws.

Error to Gratiot. (Hart, J.) Argued May 4 and 5, 1887. Decided June 16, 1887.

Trover. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*C. J. Willett*, for appellant.

*Newell Leonard* (*Sawyer & Knowlton*, of counsel), for defendants.

CHAMPLIN, J. The plaintiff brought an action of trover against defendants for the unlawful conversion of certain tobacco, cigars, stamped and not stamped, buggies, book-cases, seals, saws, tobacco cutter, show-case, cheese-case,

cracker-case, fanning-mill, coffee-mill, lot of paper pails, boxes, cans, and one fire-proof safe.

The defendants pleaded the general issue, and gave notice that defendant Beeman was a judgment creditor of Aaron Wessels, and said goods were seized and legally liable to be taken, and were seized under an execution issued upon a valid judgment in favor of Beeman against Aaron Wessels, by defendant Tann, as under-sheriff of Gratiot county, and that all the title or interest the plaintiff has or ever had to any of said goods was obtained by a fraudulent collusion with said Aaron Wessels to delay, defraud, and hinder the creditors of said Aaron Wessels, and was not a *bona fide* transaction.

On the trial the plaintiff introduced evidence to show his ownership of the goods, and the seizure and sale of the property under the execution, and its value. He also introduced evidence to show that he procured a license from the United States internal revenue office to sell tobacco and cigars, and that a large number of stamps had been purchased by him of the United States revenue collector for the purpose of stamping the cigar boxes. He also introduced, as evidence of his title to the property, a bill of sale from Aaron Wessels to him. He also introduced evidence to show that said cigars, etc., were moved two or three times, with the consent of the revenue officer.

The defendants introduced evidence to show that the sale was not *bona fide*, but collusive, fraudulent, and void; that at the time of executing the bill of sale none of the cigars, described as being 130,000, were stamped, and that William E. Wessels had not filed any statement of application required by law to become a dealer in tobacco or a manufacturer of cigars, and that he paid no tax, and not until January 5, 1884, did he file with the collector any return for the payment of the special tax, nor any manufacturer's statement nor bond, and was not until that date recognized as a manu-

facturer or dealer in cigars or tobacco; that he did not engage in manufacturing cigars, and did not put up any notice on his designated manufactory, nor on his place or building where said cigars and tobacco were kept, as required by law, and had no collector's certificate posted.

Defendants also introduced evidence to show there was no delivery of the property to plaintiff upon said alleged sale, and that after such sale said Aaron Wessels made an assignment of his property for the benefit of his creditors. He also introduced evidence to show other conveyances made by Aaron Wessels to plaintiff, dated on the same day as the bill of sale.

It will be observed from this statement that the issue embraced the good faith of the purchase under the bill of sale of all the property covered by it, and its fraudulent character as to the creditors of Aaron Wessels, and also the validity of the sale of the cigars under the statute of the United States respecting the internal revenue. The bill of exceptions is very imperfect in the statement of what evidence was introduced, and appended thereto is what purports to be testimony of witnesses sworn upon the trial, followed by a statement that—

"The preceding testimony, being part of that taken on the trial of said cause, but all pertaining to the points raised in said case, is made a part of the bill of exceptions by agreement of counsel."

It is needless to say that this testimony forms no part of the record, and has not been read or considered by us. It is improperly here. Counsel cannot add to a bill of exceptions either testimony or statement of facts which is not embraced in the bill, and authenticated over the judge's signature. *Niagara Fire Ins. Co. v. DeGraff,* 12 Mich. 10.

The circuit judge charged the jury as follows:

"I think the sale from Aaron Wessels to William E. Wessels must be regarded as void, under all the testimony as I

view it. Gentlemen of the jury, I don't think the entry upon the books referred to by counsel for the plaintiff affords the proof he claims, by showing that the United States government consented to the sale from Aaron Wessels to William E. Wessels. The sale, as shown by the testimony in the case, is void, and the plaintiff received no title thereby. The property either belonged to the general government or Aaron Wessels, and the plaintiff cannot maintain this action. You will therefore render a verdict in favor of the defendants, and against the plaintiff; in other words, not guilty.''

The only errors assigned are upon this charge of the court.

Whether the sale from Aaron Wessels to William E. Wessels was fraudulent as to creditors was a question of fact, and should have been submitted to the jury under proper instructions. The propriety of submitting this question to the jury is not obviated by the fact, if it exists, that the sale of the cigars was made in violation of the United States revenue laws, for the reason that the sale embraced property not covered by those laws.

Counsel for defendants insist that the sale of such property was void, as matter of law, because there was no immediate delivery of the property, and the sale was not followed by an actual and continued change of possession. But delivery and possession appear, though perhaps imperfectly, as controverted facts, and should have been submitted to the jury. A new trial must be granted.

The other point which was so ably presented and argued by the counsel for defendants we shall not decide at this time, as we have received no aid from the brief or argument of counsel for plaintiff upon this important point. It may be rendered unnecessary by the finding of the jury upon another trial.

The judgment is reversed, and a new trial ordered. No costs will be taxed for printing the testimony annexed to the bill of exceptions.

The other Justices concurred.