CASE v. HALL.

(Circuit Court of Appeals, Eighth Circuit. April 17, 1899.)

No. 1,134.

1. APPEAL—DEFECTIVE VERDICT — NECESSITY OF OBJECTION IN TRIAL COURT.
    An objection to the sufficiency of a verdict cannot be urged in an appellate court, where the bill of exceptions does not show that the defect was called to the attention of the trial court, and proper exception taken to its action thereon.

2. SAME—REVIEW OF INSTRUCTIONS—FAILURE TO BRING INTO RECORD.
    The charge of a trial court is no part of the record, and cannot be noticed on appeal, unless brought into the record by the bill of exceptions, and without such charge before the court the refusal to give instructions requested cannot be reviewed.

3. SAME—BILL OF EXCEPTIONS—ADDING MATTERS BY STIPULATION.
    Neither testimony nor instructions can be added to a bill of exceptions, after it is signed and filed, by stipulation of counsel in the appellate court.

In Error to the United States Court of Appeals in the Indian Territory.

Ben Hall, the defendant in error, brought an action of unlawful detainer against George W. Case, the plaintiff in error, in the United States court in the Indian Territory, to recover the possession of three tracts of land, the same being portions of a larger tract containing some 600 acres. The complaint al-

leged, in substance, that on March 14, 1894, Hall rented to Case a certain farm and improvements thereon, five miles south of Nowata, in the Indian Territory, containing 600 acres, more or less, and known as the "Ben Hall Place," together with the dwelling houses, outhouses, barns, etc., thereon, for the term of five years; that Case entered into possession of the premises, and complied with the terms of the contract of lease, and paid his rent as therein agreed for the years 1894 and 1895 and until the 1st day of March, 1896; that on the latter day he refused to pay any more rent, and laid claim as owner to three parcels of the 600-acre tract, one of said parcels containing 135 acres of land situated in the northwest corner of the tract, together with the dwelling house, outhouses, etc., another parcel consisting of 45 acres of land situated in the south part of the 600-acre tract, and the third parcel consisting of a two-room log house. with the grounds appurtenant thereto, which was situated on the north side of the tract. In view of the premises, the plaintiff below demanded a judgment for the immediate possession of the three parcels of land last aforesaid, which were alleged to be unlawfully withheld by the defendant. The suit appears to have been instituted on April 20, 1896. For an answer to the complaint, the defendant admitted that he had failed to pay rent as charged in the complaint, and he further admitted that he had laid claim as owner to the three parcels of land forming a part of the 600-acre tract, which were mentioned in the complaint. He alleged that these three parcels of land and the improvements thereon had been sold to him by the plaintiff, and that the plaintiff was not entitled to the possession thereof. The trial at nisi prius resulted in a verdict and judgment for the plaintiff below. The defendant appealed to the United States court of appeals in the Indian Territory, where the judgment at nisi prius was affirmed. Case v. Hall (Ind. T.) 46 S. W. 180. From that court the record was removed to this court by a writ of error.

W. H. Kornegay, for plaintiff in error.

Preston S. Davis, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is urged in this court as one ground for reversal that the verdict which was returned in the trial court was not in the proper form, and does not adequately describe the premises which were found to have been unlawfully detained. The verdict was as follows:

"We, the jury, find the issue for the plaintiff, and assess his damage, in being kept out of possession of the premises, at $300. And possession of entire farm in ten days from date. Foreman: W. W. Miller."

The defendant below insists that the jury should have returned a verdict of guilty or not guilty, and should have assessed the plaintiff's damages incident to the unlawful detention, if the finding was in his favor. In support of that contention, sections 3362-3365 and 3367 of Mansfield's Digest of the Statutes of Arkansas are cited. It is unnecessary, however, to consider this contention, since the bill of exceptions which was settled and signed by the trial judge does not show that any objections were made to the verdict when it was returned. The verdict was clearly sufficient, in the light of the pleadings, to show what the jury intended, and to warrant the judgment which was subsequently entered thereon, wherein the property referred to was sufficiently described to identify it. If the verdict was not in the statutory form, the trial court's attention should have been directed to the defect when it was returned, and an exception to the court's action in refusing to have it corrected, if the court did

so refuse, should have been taken at the time, and the exception should have been properly preserved in the bill of exceptions. As the bill of exceptions contains no record of any such action having been taken by the defendant's counsel, the error complained of cannot be noticed by this court.

The other errors that have been assigned, to which our attention is directed in the briefs, each relate to the instructions which are said to have been either given or refused by the trial judge, but they cannot be noticed by this court for the following reasons: · None of the instructions that are said to have been given by the trial court are contained in the bill of exceptions which was settled and signed by the trial judge, and for that reason they form no part of the record. Neither does the bill of exceptions, as settled and signed, contain a direction that the charge of the court be inserted therein.

It is well established that the charge of the trial judge is no part of the record, and cannot be noticed on appeal, unless it is made a part thereof by a bill of exceptions, properly signed and filed. Dietz v. Lymer, 19 U. S. App. 663, 667, 10 C. C. A. 71, and 61 Fed. 792; Jefferson City v. Opel, 67 Mo. 394, and cases there cited. One instruction is contained in the bill of exceptions, the same being an instruction that is said to have been refused by the trial court; but whether an error was committed in refusing it can only be determined by consulting the entire charge of the trial court. It may be that the instruction contained in the bill of exceptions which was refused was not given because embraced, in substance, in other portions of the charge, and it will be presumed in aid of the judgment that such · was the fact. It appears from the record that counsel filed a stipulation in the court of appeals in the Indian Territory shortly before the hearing of the case on appeal in that court, consenting that certain so-termed "instructions" which were set out in the stipulation might be referred to in that court as the instructions which were . given by the trial judge. It has been held, however, that neither testimony nor other matters can be added to a bill of exceptions, after it is signed and filed, by stipulation of counsel alone. Wessels v. Beeman, 66 Mich. 343, 33 N. W. 510. The general rule is that neither counsel nor the court to which an appeal is taken have any power to change the record made by the trial court, and that defects or omissions therein can be cured only with the approval of the latter court. Cluck v. State, 40 Ind. 263. The case in hand is not one where a clerk, in certifying a record to an appellate court, has inadvertently omitted something which was in fact contained in the bill of exceptions as settled by the trial judge, but it is a case where an attempt is made in an appellate tribunal to insert something in the bill of exceptions which is really no part thereof, because it was never made a part thereof by the trial court. If counsel, by stipulation, can change the record without the sanction of the trial judge, they may thus present any moot question to an appellate court. We cannot, therefore, regard the stipulation which was filed in the United States court of appeals in the Indian Territory, after the record had been removed thereto, and the term of the trial court had expired, as being effectual to change or alter the record of

the trial court, from the standpoint from which that record must be viewed by this tribunal. As the bill of exceptions does not contain the charge of the trial judge duly certified by him, we must presume, in aid of the judgment, that the charge was correct. The judgment of the United States court of appeals in the Indian Territory, and the judgment of the United States court for the Northern district of the Indian Territory, are therefore affirmed.