## SHEAR vs MCALESTER.

### Opinion Delivered Oct. 26, 1899.

*1. Instruction—Presumption.*

Unless the entire charge of the court is preserved in the record, it will be presumed that the court properly instructed the jury upon the law applicable to the facts.

*2. Judgment—Attachment—Priority—Conversion by Marshal.*

The lien of a judgment rendered prior to the levy of an attachment is superior to the lien of the attachment, and it was not error upon prayer of the judgment creditor to appoint a receiver to sell the attached property, and apply the proceeds thereon to the satisfaction of the judgment and the marshal levying the attachment is not liable for conversion in delivering the property to the receiver.

Appeal from the United States Court for the Northern District.

W. M. SPRINGER, Judge.

Action by H. A. and N. L. Shear against J. J. Mc-
Alester as U. S. Marshal, for conversion. Judgment for
defendant. Plaintiffs appeal. Affirmed.

On March 5, 1894, complaint was filed in this action
by plaintiffs below, appellants here, against the defend-
ants below, appellee here, alleging that on the — —day of
September, 1893, they were lawfully possessed of cer-
tain personal property of the aggregate value of $3,865,
which was then, and has ever since been, the property of
plaintiffs; that on said day the defendant forcibly, wrong-
fully, and unlawfully siezed upon said property, and took it
forcibly, wrongfully, and unlawfully out of plaintiff's pos-
session, and converted it to his own use, to the damage of
plaintiff's $4,000. On May 3, 1894, defendant filed his an-
swer, and denied that plaintiffs were lawfully possessed of
the property described in their complaint on the —— day of
September, 1893, and that it was the property of plaintiffs;
denied that he wrongfully and unlawfully and forcibly took
said property out of plaintiff's possession, and converted
same to his own use, and denied it was of the value alleged
by plaintiffs; and for further defense defendant says plain-
tiffs ought not to recover herein, "because the property for
which he sues was sold by J. L. Blevins, receiver, under
order of this court, to satisfy a landlord's judgment in favor
of Jno. W. and Jas. Young vs Geo. Shear, which was prior
in right to the attachment issued in favor of F. M. Crowell
vs Geo. Shear, and the sale so made exhausted the property
levied on by attachment." Case was tried to a jury, and
verdict for defendant. Judgment upon the verdict.
Plaintiffs moved for a new trial, which was overruled
by the court, and plaintiffs appealed to this court.

*Maxey, Clayton & Martin, Marcum & Owen,* and *Earl
Edmondson,* for appellants.

*Stuart, Lewis & Gordon*, for appellee.

TOWNSEND, J.   The appellants here, plaintiffs below, have filed six specifications of error, all objecting to either the admissibility of certain evidence, or the charge of the court to the jury; but they have failed to preserve in their bill of exceptions or elsewhere in the transcript of the record the entire charge of the court.   In fact only a brief extract from the charge, and on one proposition only, is brought to this court.   The rule is well settled that, unless the entire charge of the court is preserved in the record, it will be presumed that the court below properly instructed the jury upon the law applicable to the facts.   Neither counsel for appellants nor for appellee have deemed it necessary to furnish in their briefs any citation of author-ities, both insisting the questions presented are so plain that argument is substantially unnecessary, and the citation of authorities wholly useless.   It appears that prior to the levy of the attachment complained of, on September 12, 1893, in the case of Crowell against George Shear, there had been a judgment rendered against said George Shear at the suit of James L. Young for the possession of lands on which the property attached was located, and for $500 for rents, and costs of suit.   This Young judgment was rendered on August 24, 1893, and on October 27, 1893, execution having been issued on the Young judgment, levy was made on the identical property attached in the Crowell case   On Decem-ber 21, 1893, Young, the judgment creditor, intervened the Crowell case, and, upon a showing satisfactory to court, obtained the appointment of a receiver to take ch of the property which had been attached in the Crc ol case, and levied upon under the execution in the Your judgment; and subsequently the court ordered the receiv to sell the property thus impounded, and apply the j ceeds, in the first instance, to the payment and satisfac on of the Young judgment;   the court being of the opinion that

the Young judgment, being for rents under a landlord's lien, was prior in time and right to the attachment in the Crowell case. The proceeds of the sale of the property were absorbed in the satisfaction of the young judgment, and Crowell, the attaching creditor, received no benefit from his attachment. No evidence was given of any injury to the property between the date of the attachment and the levy of the execution. The appellants, who were the sons of George Shear, the defendant in the Crowell attachment and the Young judgment, did not see fit to assert their rights, if any they had, in the proceeding subjecting the property to the sale and satisfaction of the Young judgment, but insist that the admission of the record of the Young judgment and the order appointing the receiver was error on the trial of this cause. We cannot concur in this view, and are of the opinion that the appellants should have asserted their rights in the proceeding that resulted in the sale of their property by order of the court for the satisfaction of the Young judgment. It would be manifestly unjust to hold the marshal for conversion of property which the court took from his possession, and sold through its receiver, another officer of the court. This case was submitted to a jury under instructions which, under the condition of the record, must be presumed to have been correct, and the verdict was for the defendant, which was confirmed by the judgment of the court, and we are of the opinion that said judgment should not be disturbed, and it is therefore affirmed.

CLAYTON and THOMAS, JJ., concur.