TEXAS & P. RY. CO. v. WINELAND.

(Circuit Court of Appeals, Fifth Circuit. May 29, 1900.)

No. 890.

1. RAILROADS—NEGLIGENCE—INJURY TO EMPLOYE—DEFECTIVE APPLIANCES— EVIDENCE.

There being evidence that the derailment of the train, by reason of which plaintiff was injured, was caused by the breaking of the flanges on the wheels of the locomotive truck, and that the wheels, which were of cast iron, with chilled tires, were not made of reasonably safe material, had become worn, and had not been properly inspected, the question whether the wheels were of reasonably safe material and had been properly inspected was properly left to the jury.

2. TRIAL—INSTRUCTIONS.

Where the court instructs the jury that it is incumbent upon plaintiff to establish by proof the charges of negligence alleged in his petition, before he will be entitled to recover, and a more specific charge as to the burden of proof is not requested, defendant cannot complain that the jury were not instructed to find in its favor if plaintiff failed to prove by a preponderance of the testimony that defendant did not exercise due care.

3. SAME—CONSTRUCTION.

In determining whether the trial court erred in instructing the jury, the entire charge on the point involved must be considered, and generally the charge must be taken as a whole.

In Error to the Circuit Court of the United States for the Western District of Texas.

T. J. Freeman, for plaintiff in error.

T. A. Falvey and Walter Davis, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. John Wineland, defendant in error, instituted this suit in the circuit court of the United States for the Western district of Texas, at El Paso, against the Texas & Pacific Railway Company, plaintiff in error, as defendant, and on October 9, 1899, filed his second amended original petition, in which he alleged, substantially: That the cause of action was one arising under the laws of the United States. That plaintiff in error was, about the 13th day of March, 1899, operating a line of railway through El Paso county, Tex. That on said date, and prior thereto, defendant in error was and

102 F.—43

had been in the employ of plaintiff in error as brakeman of one of its
freight trains; and while in the discharge of his duties as such brake-
man, and using due care on his part, while riding on one of the freight
trains of plaintiff in error the engine and car upon which he was riding
was, through the negligence of plaintiff in error derailed and capsized,
and he was permanently injured thereby in all parts of his body,—his
head cut and bruised, his teeth knocked out, and one of his legs broken.
That his leg is permanently deformed, so that he is a cripple for life.
That said injuries were caused by the negligence of plaintiff in error and
its employés:   First, in having engine wheels in use on the said engine
which were defective by reason of wear, use, defective and unsuitable
material, and bad workmanship, and by reason of said defects and
insufficiencies the flanges of said engine wheels broke, and caused and
contributed to said derailment; second, in the negligence of its em-
ployés, the engineer and conductor of said train, in running the same
upon a curve in the roadbed at a reckless and dangerous rate of speed.
And that defendant in error was, at the time he received said injuries,
28 years of age, sound, and skilled as a brakeman, and earning $1,500
a year,—and claims $15,000 damages.   Plaintiff in error answered in
its first amended original answer, filed October 9, 1899:   First, a gen-
eral denial; second, plea that its engines and machinery, and espe-
cially the wheels of said engine, were in good condition and repair, and
safe for operating said engine over its track; that the engine and train
were operated with care, and the derailment and wreck were an un-
avoidable accident, against which it could not have guarded by the
use of proper care on its part.   There are other matters of negligence
charged in the petition, and defenses set up in the answer, which are
not stated here, as no question arises under them in this record.   The
cause was tried, and resulted in a judgment on October 11, 1899, in
favor of the defendant in error for $5,000.

The errors assigned in this court are as follows:

"First. The trial court erred in refusing to give to the jury special instruc-
tion requested by defendant, as follows: 'You will find for the defendant,'—be-
cause the only evidence as to the cause of the derailment of the train, in
which plaintiff was injured, was that the train was running at a proper and
safe rate of speed when derailed by jumping the right-hand rail, and that
after the derailment it was found that the flanges of the right side wheels of
the front truck of the locomotive were broken off from a portion of each wheel,
and the evidence further established that said truck wheels were of a kind rea-
sonably safe for the purpose they were used, and were in a safe condition at
the time of the derailment, and therefore the evidence adduced on the trial
wholly failed to show that defendant was guilty of any negligence in furnish-
ing and using said wheels.

"Second. The trial court erred in the following paragraphs of the general
charge given to the jury:

" 'It follows from what has been said that if the defendant used reasonable
care and prudence in the selection of its car wheels, and observed the same
care and caution in maintaining them in proper order and condition, then you
are instructed that the defendant would not be liable to the plaintiff in dam-
ages, although one of the wheels broke, and injuries were thereby inflicted
upon him.   Unavoidable accidents often occur in the management and opera-
tion of railway trains, without negligence upon the part of the railway com-
pany.   And if you find, upon consideration of all the testimony in this case,
that the injuries claimed by the plaintiff were the result of unavoidable acci-
dent, and not due to any want of care on the part of the defendant in supply-

ing the plaintiff with proper appliances, then on this branch of the case your verdict should be in favor of the defendant.

" 'If you conclude that the rate of speed was not excessive, and that in running the train the engineer and conductor exercised reasonable care and prudence in looking after the safety of the men, in reference to the speed of the train, then upon this branch of the case your verdict should be in favor of the defendant,'—because said paragraphs contain the only proposition in the charge upon which the jury was permitted to find in favor of the defendant, and required the jury to find affirmatively from the evidence that the defendant was not guilty of negligence, instead of directing the jury to find in favor of the defendant if the plaintiff failed to prove by a preponderance of the testimony that defendant did not exercise due care, as elsewhere explained in the charge, in the particulars set out in said paragraphs and their context."

The first assignment of error is not well taken. The evidence offered in the case is fully recited in the bill of exceptions, and we have given it full consideration. That the breaking of the flanges on the wheels of the locomotive truck caused the injuries to the plaintiff below seems indisputable. A presumption that they were defective for the uses to which they were put necessarily arises. There was evidence tending to show that the said wheels which were of cast iron, with chilled tires, were not made of reasonably safe material for use on the trucks of a freight locomotive; and there was further evidence tending to show that the flanges on the said truck wheels from use had become worn (this was in fact undisputed), and had not been recently thoroughly and properly inspected. Under this state of evidence, the questions whether the wheels were of reasonably safe material and had been duly and properly inspected were beyond the province of the judge to decide as matters of law, and were properly left to the jury.

The contention under the second assignment of error is that the effect of the instructions excepted to was to relieve the plaintiff below of the burden of proof, and put it upon the defendant. The entire charge of the trial judge is contained in the bill of exceptions, and it seems to be fair and correct in all respects. The jury were expressly instructed that, "as the plaintiff charges negligence against the defendant, it is incumbent upon him to establish by proof the negligence as alleged, before he will be entitled to recover." If this was not sufficiently clear as to the proposition that the burden of proof was on the plaintiff, the defendant below might well have requested a still more specific charge. The parts of the charges complained of are conclusions immediately following and in connection with the instructions given to the jury on the several questions respectively arising in the case, to which no exception was taken, and should be taken and considered in connection therewith, and, when so taken, we are clear that no error can be predicated thereon. For instance:

"The plaintiff, therefore, in this case, did not, by virtue of his contract of employment, assume any risk incident to the use of a defective wheel, of which defect he was ignorant, unless the imperfections and defects were obvious and open to observation, in which case he would be presumed to know them; and it was the duty of the defendant, in employing the plaintiff as a brakeman, to use reasonable care and prudence in the selection of such engine-truck wheels as would be reasonably safe and properly adapted to the use for which they were intended, and it was its further duty to maintain such wheels and other appliances in a reasonably safe condition. As has been before said, it was not the duty of the defendant to supply the plaintiff with the best and safest or newest appliances for the purpose of securing his safety, but it was

its duty to use all reasonable care and prudence for the safety of plaintiff and others in its service, by providing them with machinery reasonably safe and suitable for the use of the latter. It follows from what has been said that if the defendant used reasonable care and prudence in the selection of its car wheels, and observed the same care and caution in maintaining them in proper order and condition, then you are instructed that the defendant would not be liable to plaintiff in damages, although one of the wheels broke, and injuries were thereby inflicted upon him. Unavoidable accidents often occur in the management and operation of railway trains, without negligence upon the part of the railway company. And if you find, upon consideration of all the testimony in this case, that the injuries claimed by the plaintiff were the result of unavoidable accident, and not due to any want of care on the part of the defendant in supplying the plaintiff with proper appliances, then on this branch of the case your verdict should be in favor of the defendant."

Again:

"Of course, if the plaintiff failed to exercise reasonable and proper care of himself, and the injuries were sustained by him in consequence of such want of care, then he could not recover, notwithstanding the engineer and conductor might have been negligent in running the train. See Gen. Laws Tex., 25th Leg., 1897, p. 14. Was the rate of speed at which the train was running at the time of the accident a reasonable and proper rate? In determining that question, you will look to the manner in which the train was loaded, to the condition of the machinery and appliances, to the condition of the track at the place of the accident,—whether straight or curved, whether up or down grade,—to the duty which the defendant owed to the public with reference to the prompt delivery of freight, and to the duty which it owed to the plaintiff, and generally to all the facts and circumstances in evidence; and from a consideration of them all you will determine whether the train was running at a reasonably safe rate of speed at the time of its derailment. If you conclude that the rate of speed was not excessive, and that in running the train the engineer and conductor exercised reasonable care and prudence in looking after the safety of the men, in reference to the speed of the train, then upon this branch of the case your verdict should be in favor of the defendant."

The rule is well settled that, in considering a charge to the jury, detached portions cannot be singled out, and error predicated thereon. In determining whether the trial court erred in instructing the jury, the entire charge on the point involved must be considered, and generally the charge must be taken as a whole. The judgment of the circuit court is affirmed.