## HANCOCK ET AL VS SHOCKMAN.

## Opinion delivered September 25, 1902.

1. *Appeal—Record—Bill of Exceptions.*

   Where the objections urged on appeal are, error in giving and refusing in-
   structions, and because the verdict is not sustained by sufficient evid-
   ence, and the bill of exceptions only contains the "substance of the
   testimony of part of the witnesses", it will be presumed that there was
   sufficient evidence to warrant the instructions and to sustain the
   verdict.

2. *Replevin—Married Women—Separate Property—Sale by Husband to Wife—
   Evidence of, on Appeal.*

   A wife is the absolute owner of property purchased, in good faith and
   for valuable consideration, from her husband; and in a replevin suit
   by her for such property against an attachment creditor of her
   husband, it will be presumed that the evidence was ample to satisfy
   the jury of her ownership where, on appeal, the bill of exceptions con-
   tained only "the substance of the testimony of a part of the witnesses."

3. *Appeal—Bill of Exceptions—Evidence.*

   When the exclusion from evidence, of the record of another court, is
   alleged as error, on appeal, but same is not incorporated in the bill of
   exceptions, this court will presume that it was excluded for sufficient
   cause.

4. *Replevin—Right of Possession—Void Execution Sale.*

   In replevin to recover property from purchaser under execution it is not
   necessary for plaintiff to prove her ownership but only that she was
   in the actual and lawful possession of same where it is also shown that
   the execution sale was void, because not made between hours fixed by
   Mansf. Dig. Sec. 3048 (Ind. Ter. Stat. Sec. 2163).

5. *Appeal—Record—Instructions.*

   Alleged error in giving and refusing instructions, will not be considered
   on appeal unless the bill of exceptions sets same out in full, and con-
   tains all the evidence, and shows the saving of exceptions to the in-
   structions complained of.

Appeal from the United States Court for the Northern District; Joseph A. Gill, Judge.

Replevin by Bertha Shockman against W. M. Hancock and others. From judgment for plaintiff, defendants appeal. Affirmed.

The plaintiff below (appellee here) instituted this action of replevin against the defendants below (appellants here), and on July 31, 1897, filed her amended complaint, and alleged: That the defendant S. M. Rutherford is the United States marshal for the Northern district of the Indian Territory, "and as such there came into his hands a certain writ of execution issued out of the above-styled court in the case of Henry Tritheart against William Shockman and others, and thereafter, on or about the 19th day of June, 1897, the said defendant made a levy upon and seized the property described; and plaintiff says at the time of the said levy and seizure of the said above-mentioned property she was the sole and only owner thereof, and is such owner now, and that she was not a party to the above-mentioned suit of Tritheart and Shockman, or in any manner a party to the execution." That on the 30th day of June, 1897, the defendant Rutherford sold all of the above-described property at execution sale, and that defendant Hancock purchased the same, knowing at the time that William Shockman, the defendant in the execution, was not the owner of said property, but that the plaintiff was the owner of the same. That defendant Rutherford required the plaintiff in the execution, Henry Tritheart, to give an indemnifying bond before he would sell said property. That said Tritheart did so, and that defendant Hancock was one of the bondsmen on the said bond. Plaintiff says she was present at the sale of said property, and notified defendant Hancock that she was the owner of the same. That she is entitled to the

immediate possession of said property, and that the same is wrongfully detained from her by the defendants· after demand has been made therefor upon them. That she has been damaged by the wrongful levy and detention of said property in the sum of $500, and asks judgment for return of said property or its value, and for damages and costs. Writ of replevin issued June 28, 1897, and was returned June 30, 1897. No affidavit and bond being given, possession of property remained with defend-ant Hancock. On January 22, 1898, defendants filed separate answers. Defendant Rutherford admits he levied upon and sold said property as the property of William Shockman, and that defendant Hancock was the purchaser, and denies that plaintiff was the owner of said property, or entitled to the possession of the same. Defendant Hancock admits he was the purchaser of all the property; admits he signed the indemnity bond of Tritheart, but denies the property belonged to the plaintiff, but says it belonged to William Shockman; admits plaintiff was present at the sale, but did not claim said property, but said there was a mortgage on same to Mrs. Williams, of Coffeyville, Kan.; that he became the owner of said property as purchaser at said execution sale; denies that plaintiff has been damaged in any sum whatsoever. On January 16, 1901, the case was tried to a jury, who returned the following verdict: "We, the jury, find the issues in said cause in favor of the plaintiff and against the defendants, and find that the plaintiff is entitled to recover possession of the ten (10) yearling calves (that were yearlings at the time this suit was brought) sued for in this action, and, in case a return thereof cannot be had, for the value thereof, in the sum of $12.00 each. We also find that plaintiff is entitled to the possession of three cows sued for in this action, or for their value in the sum of $22.00 each in case a return thereof cannot be had. We also find that the plaintiff is entitled to the possession of the two thirds of fifty-two acres of wheat sued for herein, or, in case a return thereof cannot be had, for its value in the sum of $203.00.

We further find that this plaintiff has been damaged by reason of the detention of said property in the sum of $82.67." Defendants moved for new trial, which was overruled by the court, and rendered judgment upon the verdict, to which defendants excepted, gave a supersedeas bond, and prayed an appeal to this court, which was allowed.

*Smith & McCulloch,* for appellants.

*D. H. Wilson* and *T. G. Ayres,* for appellee.

TOWNSEND, J.   It is evident that the appellants in this case have wholly failed to comply with the rules of this court in their specifications of error.   Section 2 of rule 10 specifically states what appellants' brief shall contain, and the order in which the same shall be stated.   Subsection 2 of said section 2 provides as follows:   "A specification of the errors relied upon in law cases shall set out separately and particularly each error asserted and intended to be urged.   *   *   *   When the error alleged is to the admission or to the rejection of evidence, the specification shall quote the full substance of the evidence submitted or rejected.   When the error alleged is to the charge of the court, the specification shall set out the part referred to, totidem verbis, whether it be in instructions given or in instructions refused."   No specifications of error are set out in appellants' brief, but the grounds stated in the motion for new trial are stated in their brief, and are as follows:   "In the motion for a new trial the defendants asked that the verdict be set aside for the following reasons:   (1) The verdict is not sustained by sufficient evidence; (2) the verdict is contrary to law;. (3) for errors of law occurring at the trial, and excepted to by the defendants."   In their brief, in discussing the errors of law complained of under the third ground of their motion for new trial, they state that the first, second, third, and fourth instructions given by the court were error, and further state that the ruling of

the court in refusing to give instructions numbered 1, 2, 3, and 4 requested by the appellants was error; but the instructions given and those refused are not set out in their brief; neither does it appear from their brief that any exceptions were saved to the action of the court in giving or refusing said instructions. We find the instructions numbered 1, 2, 3, and 4 given by the court in the bill of exceptions, and it there appears that exceptions were reserved to the giving of said instructions. We also find in the bill of exceptions the instructions numbered 1, 2, 3, and 4 requested by appellants, and refused by the court, but it does not appear there, even, that any exceptions were saved to this ruling of the court. Appellants further state in their brief that they objected to the introduction of a certain bill of sale in evidence, but the same is not set out in their brief, and it does not appear from their brief that any exception was reserved to the action of the court in that respect. They also state that the court erred in refusing to admit a certain commissioner's record, but the same is not set out in their brief; neither does it appear from their brief that any exception was reserved to this action of the court, and by reference to the bill of exceptions only do we ascertain what the bill of sale was, and a statement of what appellants desired to prove by the said commissioner's record. There it appears that exceptions were reserved to the action of the court. It would be, therefore, wholly proper to affirm the judgment for the failure of appellants to comply with the rules of this court, but indulging in the presumption, in this one instance, that appellants' counsel were not aware that this court had any rules, we will examine this case upon its merits as presented by the record and bill of exceptions. But the bill of exceptions itself does not purport to contain all the evidence in the case. It only contains the "substance of the testimony of part of the witnesses," and at the close of the statement of the said "substance of the testimony,, is the following agreement: "N. B. It is hereby agreed between the parties hereto by their attorneys that the above

statement is the substance of most of the testimony given at the trial in this action, and is the substance of all the testimony given by the plaintiff, and the defendant Hancock, and the two witnesses Lem Beck and the U. S. commissioner. Signed T. G. Ayres & D. H. Wilson, Attys. for Pltf. Smith & McCulloch, Attorneys for Defendants." How can we say that there was not sufficient evidence to sustain the verdict when the substance of only part of the evidence is presented in the bill of exceptions? McKinney vs Demby, 44 Ark. 74, in the syllabus, declares as follows: "(1) Unless the bill of exceptions shows that it contains all the evidence, the supreme court cannot consider the objection that the verdict is not supported by the evidence; and an instruction which would be correct on proper evidence will be presumed to have had evidence to support it. (2) Where the bill of exceptions fails to show that it contains all the evidence adduced at the trial, every intendment is indulged in favor of the action of the trial court; and this court will presume that every fact susceptible of proof which could have aided the appellee's case was fully established. (3) Where an instruction is given purporting to be predicated on the evidence and upon the hypothesis that certain facts have been proved, and it is not repugnant to nor inconsistent with a case that might have been proved under the pleadings, the appellate court ought to presume, in favor of the court below, that such evidence, though not set out in the bill of exceptions, had been adduced at the trial, and the correctness of the instruction should be inquired into." See, also, Hall vs Needles, 1 Ind. Ter. 146, 38 S. W. 671; Railroad Co. vs Washington, 1 C. C. A. 286, 49 Fed. 347.

The second ground for new trial—"that the verdict is contrary to the law"—depends upon the facts proven upon which the verdict rests, and in its discussion appellants claim that error was committed by the court in admitting a certain bill of sale made by the husband of the appellee to her, and that because

said bill of sale by its terms was executed in the state of Kansas, and the Kansas statute was not put in evidence, therefore. the appellee secured no title to the property.    But how are we to know what was in evidence in this case when the substance of the testimony of only part of the witnesses is given?    Under the decisions already cited all presumptions are in favor of the judgment of the lower court.    It is well settled that foreign laws must be averred and proven as facts, but the Kansas statutes were not alleged in the pleadings.    How did the appellee become the owner of the property in controversy?    The court instructed the jury as follows:    "The jury are instructed that if they believe, from the evidence in the case, that the plaintiff was the owner of the property sued for at the time of the beginning of this suit, and that the same was levied upon by the. defendant S. M. Rutherford, as United States marshal for the Northern district of the Indian Territory, or by one of his deputies on a judgment against William Shockman, and sold, and that such levy and sale were against the will and consent of the plaintiff, and that the defendant Hancock became the purchaser thereof; and afterwards detained the same against her will and consent, after she made demand therefor, then the court instructs you should find the issues in this case in the favor of the plaintiff and against the defendant for the property sued for, with the exception of three calves that were running with the cows."    There was no exception to the foregoing instruction, and the presumption must be that the evidence satisfied the jury that the appellee was the owner of the property.    "A married womman is entitled to the profits from her land, even though her husband helped make them."    Davison vs Gibson, 5 C. C. A. 548, 56 Fed. 443.    "A wife who purchases personal property from her husband in good faith and for good and sufficient consideration, is in equity the owner of such property, and, if a subsequent creditor of her husband levies on the same, she can maintain replevin for the recovery thereof."    Going vs Orns, 8 Kan. 85.    "A sale of per-

sonal property by a husband to his wife for a lawful consideration is valid, and vests a perfect title in the wife." Leavitt vs Jones, 54 Vt. 423, 41 Am. Rep. 849. "The maxim 'Caveat emptor' is usually applied with strictness to the purchases of goods at execution sale." Rodgers vs Smith, 2 Ind. 526. The evidence may have been ample to satisfy the jury that appellee was the owner of the property. Without all of the evidence, it is impossible for this court to pass upon that question.

In discussing the third ground for new trial,—"For errors of law occurring at the trial, and excepted to by the defendants,"—appellants insist the first error of the court was in not admitting in evidence the commissioner's record in the case of Tritheart against Shockman. The record itself has not been incorporated or made a part of the bill of exceptions in this case, the counsel stating simply what they expected to prove by said record; and it is impossible for this court to say whether said record should have been admitted or not without an inspection of the same. It is decided in Pounders vs State, 37 Ark. 399, that: "(2) When the record of another court, excluded as evidence in the trial of a cause, is not incorporated in or made a part of the bill of exceptions, this court cannot tell the grounds for its exclusion, and will presume that it was excluded for sufficient cause." Elliott, App. Proc. § 807.

Appellants complain of the instructions of the court, and insist that appellee must recover on the strength of her own title. "Replevin is a possessory action, and the judgment in replevin generally determines nothing but the possession." Shinn, Rep. § 45. The court instructed the jury as follows: "You are further instructed that if you believe, from the evidence in this case, that at the time the property mentioned and described in plaintiff complaint and levied upon by the marshal of this court was in the actual and lawful possession of this plaintiff, Bertha Shockman, or her lawful agents, you are instructed that if you

(11)

further find the sale of such property, if any such sale was made by the marshal, and that the said sale took place at the place mentioned, on the day advertised, but at an hour after three o'clock p. m. of said day, such sale would be null and void, and no title to the property would pass to the purchaser, and that the plaintiff would be entitled to a return of the property, or the value thereof, after demand therefor from the purchaser, with the exception of three calves that were running with the cows; and in such case it would make no difference whether the plaintiff was the owner of the property or not." Section 3055, Mansf. Dig. (section 2170, Ind. T. Ann. St. 1899), provides as follows: "The time and place of sale of personal property shall be advertised for at least ten days by posting written or printed notices at three of the most public places in the vicinity of the place of sale." Section 3048, Mansf. Dig. (section 2163, Ind. T. Ann. St. 1899), provides as follows: "All property taken in execution by an officer shall be exposed to sale, on the day for which it was advertised, between the hours of nine o'clock in the forenoon and three o'clock in the afternoon, publicly, by auction, for ready money, except where otherwise provided by law, and the highest bidder shall be the purchaser." "Sale must be made between the hours fixed by statute." Cole vs Porter, 4 G. Greene, 510; Grace vs Garnett, 38 Tex. 157.

Appellants complain of the instructions of the court, but the bill of exceptions does not show that all of the instructions were brought into the record. "If evidence is not in the record, the instructions will stand, if they can be correct under any supposable state of facts under the issues." Elliott ,App. Proc. §§ 594, 722. "Instructions not brought into the record by bill of exceptions will not be noticed in this court." Case vs Hall, 36 C. C. A. 259, 94 Fed. 300 (a case from the Indian Territory); Johnson vs Terry, 35 Ark. 220. "Unless the entire charge is preserved in the record, it will be presumed that the court pro-

perly instructed the jury upon the law applicable to the facts."
Shear vs McAlester 2 Ind. Ter. Rep. 520 (53 S. W. 321); Case vs
Hall, 36 C. C. A. 259, 94 Fed. 300.   "It is again and again decided
that the trial court is presumed to have given the jury correct
instructions upon all the material points in the case.   *   *   *
The presumption is not overcome by bringing part, only, of the
instructions into the record, since the presumption is that those
not in the record cured errors or defects in those that were given
to the jury."   Elliott, App. Proc. § 722.

It is further claimed by appellants that the court erred in
not giving instructions requested, but, as heretofore stated, there
were no exceptions reserved.   Section 3361, Ind. T. Ann. St.
1899 (Mansf. Dig. § 5156):   "An exception is an objection taken
to a decision of the court upon a matter of law.   (Sand. & H. Dig.
§ 5844; Gantt, Dig. § 4693.)"   Section 3362, Ind. T. Ann. St. 1899
(Mansf. Dig. § 5157):   "The party objecting to the decision must
except at the time the decision is made, and time may be given to
reduce the exception to writing, but not beyond the succeeding
term; but the parties may agree that exceptions to all decisions
made during the trial are saved without being especially mention-
ed at the time the decision is made."   Sand. & H. Dig. § 5845;.
Gantt, Dig. § 4694.   Sections 3361, 3362, Ind. T. Ann. St. 1899..
See, also, Elliott, Gen. Prac. § 907.

It is the judgment of this court that there was no reversi-
ble error in the trial or judgment of the court below, and said
judgment is therefore affirmed.