## SPOKANE, P. & S. RY. CO. v. COLE.
### No. 6019.

Circuit Court of Appeals, Ninth Circuit.
April 23, 1930.

Charles A. Hart, Fletcher Rockwood, and Carey & Kerr, all of Portland, Or., for appellant.

Davis & Harris and Donald K. Grant, all of Portland, Or., for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

The appellee, Cecile S. Cole, was injured by a motorcar operated by the appellant railroad company which collided with a Ford tourist automobile, model of 1926, in which she was riding in the front seat with her sister, Mrs. Larson, who was operating the car, near Underwood Station, Wash. In the rear seat of the automobile were four children. About twelve feet from the track the automobile stopped in order that a 12 year old boy, the son of the sister who was driving, could get off the running board. At that point the appellee looked and listened to ascertain whether a train was approaching on the railroad track. Her sister, who was driving, also looked and listened before starting the automobile. The accident occurred in a mountainous region. The road upon which the automobile was approaching the railroad track was a private road built in order to enable the employees of the United States fish hatchery to reach the public highway on the other side of the railroad. This road approached the railway on a grade of about 8 per cent. The railway track, as it approached the crossing at which the accident occurred, was in a cut six or eight feet deep. Shrubs and bushes were growing along the top of the embankment which tended to obscure the view in the direction from which the motorcar was approaching. The day after the accident some of this shrubbery and small bushes were removed. The speed of the motorcar was over thirty-five miles per hour. After looking in both directions and listening the automobile was started up the grade toward the railroad crossing at a very low speed. Appellee testified that she glanced up the track and her sister, who was driving, looked both ways. She testified her sister had to look around her to see up the track toward the approaching motorcar; that the sister looked and did not see anything, and that, "as we got up closer I noticed this coming. I called her attention to it and she must have thought she could beat it across the track or something—I don't know. She never told me what her intentions were. But as I looked up and seen it, I seen my hand go to my eyes and I didn't look at anything. I said, 'Oh, my God! Look what's coming.' The motorcar was maybe 100 feet or more away and we were right up to the track." The appellee testified that she knew nothing about the operation of the automobile, and that she did not hear the approaching motorcar nor its

bell nor its whistle. As the automobile approached the railroad track the view toward the approaching motorcar was gradually extended. The exact point at which the approaching motorcar could first be seen, if the occupants of the car had been looking with due care, is not shown. The appellee did not see the approaching motorcar until it was about 75 or 100 feet distant. It is clear from the evidence, which includes photographs of the crossing, that the motorcar could be seen before the front wheels of the automobile were in the path of the overhanging portion of the motorcar. Two witnesses who were within 150 feet of the track, in a position to hear the bell, or the whistle, testified that they did not hear it, but did hear the crash of the collision. It was obvious that none of the other occupants of the automobile heard a bell or whistle.

The verdict and judgment went for the appellee, and the appellant assigns as the sole error of the trial court its failure to direct a verdict in its favor upon the ground that there was no evidence of negligence and there was affirmative evidence of contributory negligence which would prevent a recovery as a matter of law. It is contended that the evidence that the bell was not rung and the whistle was not blown was negative evidence which, as a matter of law, was overcome by the positive and affirmative evidence of the engineer and his assistant. The evidence of the appellee that she listened carefully for the sound of approaching train while the automobile was standing only twelve feet from the railroad track, and heard no sound, was sufficient evidence to go to the jury, particularly in view of the justifiable inference that none of the occupants of the car heard the sound of the approaching motorcar, and, further, the testimony of two witnesses who were in a position to hear, but did not hear, the bell rung or whistle blown. As the accident occurred on a private crossing the question of whether or not it was the duty of the railroad company, in the exercise of ordinary care, to give notice of the approach of its motorcar, is for the jury to determine, under all the facts and circumstances of the case, including, among other things, the speed at which the motorcar was operating.

It is not contended by the appellee, and we do not hold, that mere evidence of high speed at the time and place in question was sufficient evidence of negligence to go to a jury. Such a rule would preclude the reasonable operation of trains. The trial court, however, properly submitted to the jury the question of whether or not it was an act of negligence on the part of the appellant to operate its motorcar at the speed it was operated at the time and place in question without giving notice of its approach by appropriate signal to those using the private road crossing the track.

It is also contended that the appellee was guilty of negligence as a matter of law in not taking reasonable precautions by way of looking and listening before proceeding upon the railway track. Conceding that if the appellee had been operating the automobile she would have been guilty of contributory negligence as a matter of law under the circumstances shown, the same rule does not apply to the appellee. It appears from the evidence that she did look and listen when the automobile stopped; that she again looked before the automobile was actually upon the railway track and immediately warned her sister of the approach of the motorcar. This warning was given four seconds, or more, before the collision occurred. Whether or not, if the automobile had been thereupon operated with ordinary care or with great skill, the accident could have been avoided, is a matter that need not be determined. It cannot be said as a matter of law that the appellant neglected any duty which the law imposed upon her under the circumstances. The question of whether or not the appellee exercised the ordinary care which was required of her under the circumstances in approaching the track was a question for the jury. Southern Pac. Co. v. Stephens, 24 F. (2d) 182 (C. C. A. 9); Southern Pac. Co. v. Wright (C. C. A.) 248 F. 261.

Judgment affirmed.