## SPOKANE, P. & S. RY. CO. v. COLE.
### Nos. 6589, 6590.

Circuit Court of Appeals, Ninth Circuit.
Dec. 7, 1931.

Charles A. Hart, Fletcher Rockwood, and Carey, Hart, Spencer & McCulloch, all of Portland, Or., for appellant.

Davis & Harris and Donald K. Grant, all of Portland, Or., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

WILBUR, Circuit Judge.

These cases were consolidated on appeal. They are actions brought by the father, Charles A. Cole, to recover for the loss of two minor daughters who were killed in the crossing accident at the same time their mother was seriously injured. The facts are stated in the opinion of this court on an appeal from a judgment rendered in favor of the mother entitled Spokane, Portland & Seattle Railway Co. v. Cole, 40 F.(2d) 172. The verdict and judgment for the death of the daughter, Leona J. Cole, aged 18 years and 8 months, was for $2,000 and for the death of the younger daughter, Jacqueline A. Cole, aged 8, was for $2,500.

The appellant presents only two questions, an assignment of error based upon a requested instruction, and the alleged abuse of discretion of the trial court in refusing a new trial because of an excessive verdict.

The first contention is based upon the claim that the duty of the railway company toward the occupants of the automobile who were injured in the crossing accident, is measured by the rule governing the duty of a railroad company toward licensees rather than toward trespassers, or invitees, traveling upon a highway crossing a track. It is conceded that the railway company was bound to refrain from active negligence, such as excessive speed in the operation of its trains, or a neglect of reasonable precaution by the engineers such as the giving of signals of the approach of the train, but that it owed no duty to prepare the crossing by removing obstructions to the view of persons using the crossing. These claims, it will be observed, are all predicated upon the proposition that the road across the railroad track was a private road constructed under a license of the railway company, and consequently that the users thereof were mere licensees. The facts shown by the record in that regard may be briefly stated.

The road connected a public highway immediately alongside and parallel with the railroad right of way with the land occupied by a United States government fish hatchery. The road in question began at the public highway, crossed the railroad right of way, and entered the land of the government and continued thereon to the fish hatchery. The crossing was planked by the railway company and there were no gates or obstructions across the private road on either side of the railroad. The road was well traveled and was not distinguished or distinguishable from any public road. It was used freely by any members of the public having any occasion to visit the fish hatchery, upon either public or private business. The evidence as to whether or not this road was in fact a dedicated highway or was a private road is, we think, not so entirely conclusive either way so as to determine the question as a matter of law. The witness Hoffman testified that he believed the road should be classed as a private road, that the government employees had constructed it all except the actual crossing of the railroad tracks, which was constructed by the railway company. This would seem to be insufficient to establish that as a matter of law the users of this road were not invitees. Before finally passing upon this question, we will consider the manner in which the question was raised, or attempted to be raised, in the trial court. The complaint alleged negligence in the maintenance of the right of way in that weeds

and bushes were permitted to grow on the right of way at such places and in such manner as to obscure the vision of persons approaching the crossing from the fish hatchery. The evidence substantiated this allegation. In this situation the appellant requested the following instruction, which was refused, to wit: "I instruct you that the evidence is insufficient to show any negligence on the part of the defendant in the manner in which the crossing itself was maintained with respect to the view at the crossing of train operators along the highway and of automobile operators along the railroad. Consequently, all allegations of negligence with respect to obstruction of view and the maintenance of the crossing itself are withdrawn from your consideration and you cannot base any recovery on any such allegations."

It is obvious at a glance that there is nothing in the proposed instruction to call the attention of the court to the claim advanced on appeal that the lack of negligence was, not because the view of the railroad tracks was not obstructed by vegetation upon the highway, but because of the fact that the nature of the highway and of its use was such that the railway company was no more obligated to remove the vegetation than were the users of the roadway, or, rather, was under no duty at all to do so. This would be a sufficient reason for sustaining the action of the trial court in refusing the instruction, although ordinarily an exception to the refusal of an offered and applicable instruction raises the question of the correctness of the instruction, if not otherwise given in substance or effect. Appellee, however, contends that the proposed instruction is erroneous in law, for the reason that it in effect instructs the jury to disregard the evidence in reference to obstructions, although this evidence was germane to the alleged negligence in failing to give proper notice by bell, or whistle of the approach of the train and also to the speed of the train in making the approach. In that regard the proposed instruction is somewhat inapt. It withdraws "allegations" because of the "insufficiency of the evidence" to support such allegations. The record, however, is not in a condition to require us to pass upon the questions advanced. For aught that appears from the record the instruction may have been given in substance. The record does not show the instructions given, nor is their substance stated, nor is it stated in the bill of exceptions whether or not a similar or identical instruction was given. While it is usually unnecessary, and frequently objectionable, to incorporate the whole charge to the jury (U. S. v. Rindskopf, 105 U. S. 418, 26 L. Ed. 1131; Phoenix Mut. Life Ins. Co. v. Raddin, 120 U. S. 183, 193, 7 S. Ct. 500, 30 L. Ed. 644), it is clear that error cannot be predicated upon the rejection of an instruction unless it be shown that such an instruction was not given in substance and effect. This court, in Northern Pac. Ry. Co. v. Tynan, 119 F. 288, 293, speaking through District Judge Hawley, said: "The other errors assigned relate to the refusal of the court to give instructions to the jury as requested by the railway company. We shall not review these instructions, because it would be impossible, in the absence of the whole charge, to decide whether or not the court erred in refusing to give any of the requested instructions. The record does not contain the entire charge of the court to the jury. It does show that the railway company took exceptions to two points that were contained in the charge, and that upon both of these points the exceptions of the railway company were allowed by the court. For aught that appears from the record, the court, of its own motion, may have properly instructed the jury upon all the points sought to be raised by the assignments of error. When the entire charge is not given in the record, it is the duty of the appellate courts to presume that the requested instructions were refused because substantially given in the general charge. Scaife v. Land Co., 33 C. C. A. 47, 90 F. 238, 246; Case v. Hall, 36 C. C. A. 259, 94 F. 300, 302; Myers v. Sternheim, 38 C. C. A. 345, 97 F. 625; [Texas & P.] Railway Co. v. Wineland, 42 C. C. A. 588, 102 F. 673, 676; [Union Mut. Life] Insurance Co. v. Payne, 45 C. C. A. 193, 105 F. 172, 176; Reagan v. Aiken, 138 U. S. 109, 113, 11 S. Ct. 283, 34 L. Ed. 892; Andrews v. U. S., 162 U. S. 420, 424, 16 S. Ct. 798, 40 L. Ed. 1023."

In Hall v. U. S., 48 F.(2d) 66, we again considered this question and again so decided the question, citing as authority an earlier case in this circuit, Johnston v. U. S., 154 F. 445, 449.

We conclude that the instruction did not present to the trial court the question presented here. Further, that if it cannot be said, as a matter of law, that the occupants of the automobile were entitled to the protection afforded invitees, neither can it be said as a matter of law that they were not. In

other words, it was for the jury to determine under proper instructions whether or not the railroad owed to the users of the road the higher duty imposed upon it in favor of invitees, and, further, that the record does not disclose error in the refusal of the instruction, even if it be assumed to be a correct statement of the law applicable to the evidence.

With reference to the question of excessive verdict, it has been uniformly held that power for the correction of an excessive verdict lies with the trial court upon a motion for a new trial and that the federal appellate courts will not review such ruling. Chesapeake & O. Ry. Co. v. Proffitt (C. C. A.) 218 F. 23, 28; Yellow Cab Co. v. Earle (C. C. A.) 275 F. 928; American Trading Co. v. North Alaska Salmon Co., 248 F. 665, by Judge Gilbert in this court; First National Bank of San Rafael v. Philippine Ref. Corp. (C. C. A.) 51 F.(2d) 218. Appellant cites certain decisions of the Circuit Court of Appeals of the Sixth Circuit (Hines v. Smith, 270 F. 132; Pugh v. Bluff City Excursion Co., 177 F. 399; Detroit United Ry. Co. v. Craven, 13 F.(2d) 352, and Kos v. B. & O. R. Co., 28 F.(2d) 872) to the point that a verdict may be so excessive or so inadequate that the denial of a motion of the trial court will be reviewed as an abuse of discretion. This rule seems to be inconsistent with the rule above stated, but even if we accept it there was no such abuse of discretion as would justify the interference of an appellate court in the case at bar. The rule as to the measure of damages in these cases is that of the state of Washington in such cases tersely stated in Hedrick v. Ilwaco Ry. & Nav. Co., 4 Wash. 400, 30 P. 714, 715, as "the value of the child's services from the time of the injury until he would have attained the age of majority, taken in connection with his prospects in life, less the cost of his support and maintenance."

The appellant assumes that in the case at bar the rule means the difference between the actual anticipated earnings of the child during minority less the cost of its keep. This contention ignores the value of services rendered in the household. The point cannot now be raised in any event; for all that appears from the record, the court's instructions, although erroneous, may have required the jury to fix the amount as it did. In the absence of these instructions, the verdict cannot be reviewed, at least where the verdict is within the bounds of reason.

Judgments affirmed.