WILLIAM HOBSON *vs.* CHARLES A. SATTERLEE.

Middlesex.   March 21, 1895. — April 3, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Demurrer — Answer — Judgment.*

On the overruling of a demurrer the plaintiff is not, as matter of law, entitled to judgment, but the court may direct a trial to be had on the merits on an answer previously filed.

LATHROP, J.   The only question presented by the exceptions in this case is whether a plaintiff is entitled to judgment, as mat-

ter of law, on the overruling of a demurrer to the declaration. The plaintiff contends that at common law a judgment would follow as a matter of course in such a case, and that this court has declared in *Montague* v. *Boston & Fairhaven Iron Works*, 97 Mass. 502, that this law in respect of demurrers has not been changed by the Practice Act. It is needless to say that no such declaration was made. In the case referred to, Mr. Justice Chapman, speaking of the words " and in like manner either party may demur to the allegation of the other party," in the Gen. Sts. c. 129, § 24, (Pub. Sts. c. 167, § 25,) said: " The last clause includes a right to demur to a particular and distinct allegation as well as to the whole answer, or to a distinct allegation in a count as well as to a whole count; and this makes the right to demur under our system coextensive with the right to demur under the system of special pleading." The proposition of the plaintiff finds no support in the language cited.

We have no occasion in this case to consider what the rights of the plaintiff would be at common law. The whole subject matter is regulated by statute. Section 11 of the Pub. Sts. c. 167, provides: " To raise an issue in law, the answer shall contain a statement that the defendant demurs to the declaration or to some one or more counts therein, as the case may be, and shall assign specially the causes of demurrer." Under this section demurrers are frequently inserted in answers to the merits. See *Young* v. *Gilles*, 113 Mass. 34. Section 12 states for what causes demurrers may be filed. That this section is not confined to demurrers in answers is shown by § 67, which provides: " When a demurrer is sustained, overruled, or withdrawn, the court shall make such order as may be fit respecting the filing of an answer or replication, or a trial of the facts."

In the case at bar, the defendant had filed an answer not waiving the demurrer on the same day that he filed the demurrer. We must assume, in the absence of evidence to the contrary, that these were filed within the time allowed by law. See Rules 16 and 17 of the Superior Court. When, therefore, the demurrer was overruled, the court could order the case to be tried on the answer already filed. This is clearly shown by the language of § 67.                                   *Exceptions overruled.*

*W. Hobson*, pro se.

*C. L. Abbott*, for the defendant.