# ANDREWS v. UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF CALIFORNIA.

No. 532. Submitted January 23, 1896. — Decided April 13, 1896.

On the trial of a person indicted for a violation of the provisions of Rev.
Stat. § 3893, touching the mailing of obscene, lewd or lascivious books,
pamphlets, pictures, etc., it is competent for a detective officer of the
Post Office Department, as a witness, to testify that correspondence was
carried on with the accused by him through the mails for the sole pur-
pose of obtaining evidence from him upon which to base the prosecu-
tion.

The mailing of a private sealed letter containing obscene matter in an
envelope on which nothing appears but the name and address is an offence
within that statute.

As the inspector testified that the signature was fictitious, and that the letter
had been written in an assumed name, the opening by him of the sealed
answer bearing the fictitious address was not an offence against that pro-
vision of the statute which forbids a person from opening any letter or
sealed matter of the first class not addressed to himself.

When the record does not contain the instructions given by the trial court,
it is to be presumed that they covered defendant's requests, so far as
those requests stated the laws correctly.

THIS case is here upon a writ of error sued out of the Dis-
trict Court of the United States for the Southern District of
California, wherein the plaintiff in error was indicted, tried,
convicted and sentenced for violation of Rev. Stat. § 3893, as
amended by the act of Congress of September 26, 1888, c.
1093, § 2, 25 Stat. 496. The indictment contained two counts,
each of which alleged that in the year 1893, at the city of Los
Angeles, county of Los Angeles, the plaintiff in error "did
knowingly, wilfully and unlawfully deposit and cause to be
deposited in the United States post office at the said city of
Los Angeles, county and district aforesaid, for delivery a
certain obscene, lewd and lascivious letter addressed to 'Mrs.
Susan Budlong, box 661, Los Angeles, Cal.;'" and that the
said letter was then and there unmailable matter by reason
of the indecent character of its contents. The two counts

differed merely in that they described two different letters, alleged to have been dated respectively November 1 and November 3, 1893, and to have been respectively deposited in the said post office November 2 and November 3, 1893.

Section 3893, Revised Statutes, as amended by the act of September 26, 1888, is as follows:

"Sec. 3893. Every obscene, lewd or lascivious book, pamphlet, picture, paper, letter, writing, print or other publication of an indecent character, and every article or thing designed or intended for the prevention of conception, or procuring of abortion, and every article or thing intended or adapted for any indecent or immoral use, and every written or printed card, circular, pamphlet, book, advertisement or notice of any kind giving information, directly or indirectly, where or how or of whom, or by what means any of the hereinbefore mentioned matters, articles or things may be obtained or made, whether sealed as first class matter or not, are hereby declared to be non-mailable matter, and shall not be conveyed in the mails from any post office, nor by any letter carrier; and any person who shall knowingly deposit, or cause to be deposited, for mailing or delivery anything declared by this section to be non-mailable matter, and any person who shall knowingly take the same, or cause the same to be taken from the mails for the purpose of circulating or disposing of, aiding in the circulation or disposition of the same, shall, for each and every offence, be fined upon conviction thereof not more than five thousand dollars, or imprisonment at hard labor not more than five years, or both, at the discretion of the court; and all offences committed under the section of which this is amendatory, prior to the approval of this act, may be prosecuted and punished under the same in the same manner and with the same effect as if this act had not been passed: *Provided,* That nothing in this act shall authorize any person to open any letter or sealed matter of the first class not addressed to himself."

The defendant demurred to the indictment on the ground that the facts stated therein did not constitute an offence against the laws of the United States. The demurrer was overruled, and the defendant then pleaded not guilty.

The evidence adduced at the trial tended to prove that one M. H. Flint, a United States post office inspector, having seen in the *Los Angeles Herald* a certain advertisement bearing the address, "Spero, box 60, this office," mailed to that address a letter referring to the subject of the advertisement, signed "Susan H. Budlong, P. O. box 661, Los Angeles, Cal.," and received in answer thereto, through the post office at Los Angeles, a letter signed "Spero," being the letter described in the first count of the indictment; that Flint then sent another letter, signed as above, and, having received an answer thereto signed "Spero," wrote a third time, and afterwards received out of the said post office a letter signed "A. D. A. 313 N. Broadway," being the letter described in the second count of the indictment. All the letters so received by Flint were enclosed in plain sealed envelopes, neither of which bore any writing save the address. Evidence was also introduced tending to connect the defendant with the mailing of the letters.

The said letters of Flint, and the testimony concerning the same, were introduced against the objections of the defendant, and to the introduction thereof he duly excepted.

At the conclusion of the evidence for the government, the defendant moved the court to instruct the jury to acquit him on the ground that if any offence had been committed it had been done at the request of Flint, a government officer, and on the ground that the evidence was insufficient to connect the defendant with the alleged offence. The motion was denied by the court, to which ruling the defendant excepted. The defendant then put in testimony tending to prove his good character, and to countervail the government's evidence to the effect that the said letters were mailed by him.

At the close of all the testimony the defendant requested the court to give the jury certain instructions, which request was refused. Other instructions were given instead, which do not appear in the record. To the court's refusal to give the instructions proposed by the defendant, and to the giving of other instructions, the defendant excepted.

*Mr. J. Marion Brooks* and *Mr. M. D. Brainard* for plaintiff in error.

*Mr. Assistant Attorney General Whitney* for defendants in error.

Mr. Justice Shiras, after stating the case, delivered the opinion of the court.

Error is attributed to the court below in permitting the witness Flint to testify in the case, for the reason that he was an officer of the United States, and that correspondence was carried on, through the mails, for the sole purpose of obtaining evidence from the defendant upon which to base the prosecution. A similar contention was disposed of by this court in the case of *Grimm* v. *United States*, 156 U. S. 604, where it was said: "It does not appear that it was the purpose of the post office inspector to induce or solicit the commission of a crime, but it was to ascertain whether the defendant was engaged in an unlawful business. The mere facts that the letters were written under an assumed name, and that the writer was a government official — a detective, he may be called — do not of themselves constitute a defence to the crime actually committed. The official, suspecting that the defendant was engaged in a business offensive to good morals, sought information directly from him, and the defendant, responding thereto, violated a law of the United States by using the mails to convey such information, and he cannot plead in defence that he would not have violated the law if inquiry had not been made of him by the government official." *Goode* v. *United States*, 159 U. S. 663, though under a different statute, is to the like effect.

The evidence showed that the letters in question were private sealed letters, enclosed in envelopes upon which there was nothing but the name and address of the person to whom they were sent, and it is contended that the depositing of such letters in the mail is not an offence within the meaning of section 3893 of the Revised Statutes, even as amended in

1888. By that amendment the word "letter" was inserted in the statute. In the case of *United States* v. *Chase*, 135 U. S. 255, which was the case of an indictment for an offence committed before the amendment, Mr. Justice Lamar, who delivered the opinion of the court, expressly refrained from deciding "whether the term 'letter,' introduced by the amendment of 1888, could be held to include a strictly private sealed letter."

Owing, perhaps, to the doubt thus suggested, it was held in several of the lower courts that the word "letter," thus introduced into the statute, must, in the light of the other words used, be deemed to be some sort of a publication, and not merely private sealed letters. *United States* v. *Wilson*, 58 Fed. Rep. 768; *United States* v. *Warner*, 59 Fed. Rep. 355; and *United States* v. *Jarvis*, 59 Fed. Rep. 357. The contrary view was taken in *United States* v. *Andrews*, 58 Fed. Rep. 861 — the present case — in *United States* v. *Nathan*, 61 Fed. Rep. 936; and in *United States* v. *Ling*, 61 Fed. Rep. 1001.

However, any doubt there may have been as to the proper meaning to be given to the word has been removed by the case above cited, of *Grimm* v. *United States*, where mailing a private sealed letter, in an envelope on which nothing appeared but the name and address, but containing obscene matter, was held to be an offence within the statute.

It is likewise argued that, because of the provision of the law that "nothing in this act shall authorize any person to open any letter or sealed matter of the first class not addressed to himself," 25 Stat. 496, the act of the inspector in opening the letters addressed to "Susan H. Budlong" was itself an offence against the law, which would vitiate the evidence thus produced against the defendant. The inspector, however, testified that he and Susan H. Budlong were the same person, or, in other words, that the address was fictitious.

Complaint is made because the court failed to give defendant's requests for instructions; but the instructions actually given by the court are not disclosed by the record, and we may presume that such instructions covered the defendant's requests so far as they stated the law correctly. This we are

the more ready to do in the present case, as no specific exceptions were taken to the action of the court in refusing or in giving instructions. *Reagan* v. *Aiken*, 138 U. S. 109.

There were other assignments of error, but we think they do not merit special notice.

The judgment of the court below is

*Affirmed.*