## MIDDLEBY v. EFFLER.

(Circuit Court of Appeals, First Circuit. October 16, 1902.)

No. 422.

1. SLANDER—CHARGING CRIMINAL OFFENSE—SUFFICIENCY OF DECLARATION.
   A case which shows only that defendant spoke and published words charging that plaintiff had "written anonymous letters" which were scurrilous, and that it was "a state prison offense," without colloquium or innuendo, is insufficient to warrant an instruction that, if the words were spoken substantially as alleged, they amounted to a charge that plaintiff had committed a crime against the laws of the United States.

2. SAME—GROUNDS OF ACTION—WORDS USED IN ANSWER TO QUESTION.
   Words used by a husband in answer to a question addressed to his wife, if they do not go beyond the question or the occasion, will not, unless under exceptional circumstances, afford ground for an action for slander by the person who put the question.

3. PLEADING—OVERRULING OF DEMURRER—WAIVER OF ERROR.
   Under the Massachusetts practice acts, a defendant, by going to trial on an issue of fact after the overruling of a demurrer to the declaration, based on a defect in matter of substance not cured by the verdict, does not waive the right to assign as error the overruling of the demurrer.

4. SLANDER—SUFFICIENCY OF DECLARATION—MASSACHUSETTS PRACTICE ACT.
   Under the provisions of the Massachusetts practice acts, giving directions and suggesting a form for a declaration in a suit for slander based on an alleged charge of the commission of a crime, the declaration should, at least, contain an allegation naming the specific offense charged or a statement of the words spoken, sufficient to cover the substantial elements of a criminal offense; and, if it fails in this respect, it is insufficient on demurrer.

In Error to the Circuit Court of the United States for the District of Massachusetts.

John K. Berry (Eugene C. Upton, on the brief), for plaintiff in error.

Harvey N. Shepard (Curtis G. Metzler, on the brief), for defendant in error.

Before COLT and PUTNAM, Circuit Judges.

PUTNAM, Circuit Judge. This is a writ of error on which the defendant below seeks to reverse a judgment and set aside a verdict in favor of the plaintiff below. It is convenient to call the defendant below the "defendant," and the plaintiff below the "plaintiff." The action was for slander. The declaration contains several counts, but the sixth, inserted by amendment, gives the substance of everything in the others, and also the substance of all which the plaintiff claims to have been proved in her behalf. This count is as follows:

"For that the defendant, on or about the 3d day of September, A. D. 1900, at Winthrop, in the county of Suffolk and commonwealth of Massachusetts, falsely and maliciously spoke and published of the plaintiff words imputing to the plaintiff the commission of a crime, in words substantially as follows, to wit: 'You have written anonymous letters. They are scurrilous. You are criminally liable. It is a state's prison offense. You will be arrested,'—

¶ 2. See Libel and Slander, vol. 32, Cent. Dig. § 132.

whereby the plaintiff was seriously injured and damaged in her reputation and in her position in society, and brought into public scandal, and has suffered great distress both in body and mind, all to the damage of the plaintiff, as she says, the sum of twenty thousand dollars."

It will be noticed that the count contains no colloquium nor innuendo, and nothing to explain the alleged spoken words, or to show what particular crime they imputed to the plaintiff. The case made for her was equally indefinite. The alleged slanderous statement, as proven in her behalf, was as follows: The plaintiff met the defendant and his wife, with some others. She said to his wife: "I understand I am accused of writing those letters?"—meaning the anonymous letters. The defendant replied: "Yes; you wrote them, and you wrote your name on the hotel register. They are scurrilous. It is a criminal offense. It is a state prison offense. I shall have you arrested." There is nothing in the plaintiff's declaration, nor in the conversation as represented by her evidence, which in terms connects itself with any United States statute. Nevertheless, in its charge to the jury, the court used the following language:

"If you find that the words were uttered substantially as alleged, then my instruction is that the words, in their natural import, amount to a charge of a crime against the laws of the United States, and, if they are not true, then the plaintiff is entitled to recover, and is entitled to some damages."

It is not claimed that the court in any way modified this to the advantage of the defendant.

It is to be observed that this was a positive instruction, and that the jury was left to find only whether the words were uttered substantially as alleged, and whether they were true. The deductions or inferences to be drawn from them, and that in their natural import they alleged a crime against the United States, were ruled absolutely. We find nothing suggested by the plaintiff on this point, except only the general proposition that, taking the words all together, they could not be construed other than as charging her with the crime of having used the mails for sending anonymous, scurrilous letters. We wish that the position of the circuit court in regard to this topic, and the standpoint from which it made its ruling, were more clearly explained to us. In view of the statute in force at the time of the alleged slander,—that of September 26, 1888 (25 Stat. 496),—and of the only decisions of the supreme court which touch this topic (Swearingen v. U. S., 161 U. S. 446, 16 Sup. Ct. 562, 40 L. Ed. 765; Price v. U. S., 165 U. S. 311, 17 Sup. Ct. 366, 41 L. Ed. 727; and Dunlop v. U. S., 165 U. S. 486, 17 Sup. Ct. 375, 41 L. Ed. 799), we are unable to find anything which contains a proper suggestion of a federal crime in the mere charge of writing anonymous, scurrilous letters. Indeed, there would not be such even in a charge of both writing and mailing.

It is true that under the federal statutes the mailing of scurrilous matter imprinted on a postal card, or exposed on the exterior of a sealed letter, may be criminal; and it is also true that a crime of that character is punishable by imprisonment, which may be in the penitentiary, amounting, therefore, by the common understanding, to a "state prison offense," as alleged in the plaintiff's declaration. An

unjustifiable charge of mailing such nonmailable matter, as it involves a crime punishable by imprisonment, might furnish a basis for an action of slander, even without any proof of special damage. This is such a well-settled rule of law that it would be a waste of time to cite authorities in reference thereto. But it requires a stretch of the imagination, in which the law could not indulge, to hold that a declaration or proofs which, without colloquium or innuendo, merely allege the writing of anonymous and scurrilous letters, could cover a charge of mailing postal cards or of imprinting objectionable matter on the exteriors of envelopes. U. S. v. Chase, 135 U. S. 255, 10 Sup. Ct. 756, 34 L. Ed. 117, carefully explained that the then statute with reference to nonmailable matter was to be so construed that the word "letter" had relation only to the contents of sealed matter. Subsequently the statute was amended to meet that decision, as shown by the act of 1888, to which we have already referred, and as explained in Andrews v. U. S., 162 U. S. 420, 16 Sup. Ct. 798, 40 L. Ed. 1023. Nevertheless, there never has been any statutory amendment which authorizes any interpretation to be put on the word "letter" beyond that given in U. S. v. Chase; and there is nothing in the common use of language by force of which the same word, as used by the pleadings and the witnesses in the case before us, has any different meaning.

Moreover, the language alleged to have been used may well have been construed to import a crime under the laws of Massachusetts. It may be true that not every scurrilous letter is criminally libelous; but, inasmuch as the language alleged to have been used charged certain particular letters to have been criminal, it looked towards an offense against the law of that state, punishable by fine or imprisonment, or by both. While, without colloquium or innuendo, it was technically inadequate for either, the matter alleged and proven approaches more nearly a charge of such an offense than of any under the federal statutes. While it is true that a criminal libel is not a "state prison offense," there was nevertheless not enough in this expression to enable the court to determine whether the alleged slanderous words had relation to the federal statutes, or to the law of Massachusetts concerning such a libel. In any event, as we have said, the intervening gap between the words charged in the declaration, or those proven, on the one side, and, on the other, the specific act of mailing a scurrilous postal card, or something else with scurrilous language imprinted on the exterior of it, was altogether too wide to be filled by the law. It was therefore the duty of the court to have instructed the jury that there was not proof enough to fill this gap, or, at the best, to have submitted that question to be determined, under all the circumstances, as one of fact.

As the verdict must be set aside for the reasons already stated, it is not necessary to touch particularly on all the other questions presented to us. We should, however, notice two of them. The conversation containing the alleged slander was brought on by a question from the plaintiff. Therefore, with some possible qualifications, if the answer of the defendant did not go beyond the plaintiff's ques-

tion or the occasion, the suit could not be maintained. Odger, Libel & S. (3d Ed.) 255.. There is no need for enlarging on this, beyond referring to Brow v. Hathaway, 13 Allen, 239, which may be held as laying down the rule in a general way for the state and the district in which the suit was tried. It may also be observed that in Brow v. Hathaway the original issue arose with the wife, but it was taken up by the husband, as at bar. In both cases this was his privilege and his duty, provided he conducted himself appropriately with reference thereto. We wish, however, to add the caution that we do not undertake to do more than lay down general propositions, leaving the terms in which they should be submitted at a new trial, if one occurs, and also the limitations and explanations thereof, to be then settled according as the actual facts then develop.

The defendant demurred to the various counts in the declaration on the ground that the language therein set out did not allege anything beyond the mere writing of anonymous and scurrilous letters; especially, that it did not allege that there was any publication or "posting," meaning thereby delivery to the mail. The demurrer was overruled by the court below, and it appears the defendant did not in fact waive it, because exceptions were taken. Proceeding to trial on an issue of fact waived a demurrer at common law, but as this related to matters of substance, and to defects which were not cured by the verdict, a different rule prevails under the Massachusetts practice act (Pub. St. 1882, c. 167, § 67). Kellogg v. Kimball, 122 Mass. 163; Hobson v. Satterlee, 163 Mass. 402, 40 N. E. 189.

Of course, whatever the criminal offense which the slanderous words were claimed to have charged, there should have been, on the common-law rules of pleading, enough in the declaration to cover, either in terms or by direct inference, a publication or a deposit in the mail of the alleged offensive matter, in order to make the alleged slander a complete expression of such an offense; and, if the matter related to an offense under the federal statutes, there should likewise have been enough to cover the use of a postal card, or the imprint on the exterior of some other mailable matter, as we have already explained. Intricacies have arisen from the attempt of the Massachusetts practice acts to improve on the clear and settled rules of the common law with reference to the proper allegations in actions of slander and libel, as shown in Lee v. Kane, 6 Gray, 495; Tebbetts v. Goding, 9 Gray, 254; York v. Johnson, 116 Mass. 482; Thomas v. Blasdale, 147 Mass. 438, 18 N. E. 214; and Lovejoy v. Whitcomb, 174 Mass. 586, 55 N. E. 322; but we find enough to clearly meet the necessities of the case now presented to us.

The practice act applicable is Pub. St. 1882, c. 167, already cited. Passing by the general provisions contained therein, which were intended only to obviate unnecessary technicalities, but which cannot be held, and never have been held, to dispense with a statement with certainty of the substance of the facts necessary to constitute a cause of action, the only matter to which we need call attention is the schedule of forms contained in section 94, permissible, but not required. This, in giving the form for a declaration in an action

of slander for an alleged charge of a crime, directs that the specific crime shall be named, and adds: "Here set forth the words; no innuendoes are necessary." It has been held in Lee v. Kane, already referred to, that a declaration in slander under this statute must set forth substantially the words spoken. This, we understand, is complied with in the present declaration. At any rate, we hear no objection on that score. In Tebbetts v. Goding, 9 Gray, 254, the declaration set out substantially the alleged slanderous words, but did not specifically designate the crime with which the plaintiff was charged, as is prescribed by the form to which we have referred. The court held that the declaration was insufficient, because allegations of specific facts were necessary to give full significance to the spoken words. The form of declaration in the act of 1852 (chapter 312), on which Tebbetts v. Goding was decided, seems to have been the same as that in Pub. St. 1882, including the matter of specifying the crime charged, and also the setting out substantially the words spoken, and the provision that no innuendoes are necessary. So that Tebbetts v. Goding somewhat resembles the case at bar, in that there is an absolute omission to state the specific offense with which the defendant is said to have charged the plaintiff. Except for this, the circuit court would have been guided, as it was not guided, with reference to the question whether it could properly direct the jury that the words alleged charged a crime under the federal statutes. But aside from Tebbetts v. Goding, we have here no allegation of a specific offense, which is found in all the cases relied on by the plaintiff, and which might, under some circumstances, aid the inference to be drawn from the rest of the declaration; nor have we, in the statement of the words spoken, sufficient to cover substantially the essential elements of a crime, either at common law or under the federal statutes. The demurrer should have been sustained.

The judgment of the circuit court is reversed, the verdict is set aside, the interlocutory judgment overruling the defendant's demurrer is also reversed, the case is remanded to that court for further proceedings in accordance with the opinion passed down this day, and the plaintiff in error will recover the costs of appeal.

WEBB, District Judge, sat at the hearing of this cause, but he resigned before it was decided.