# CASES

## ARGUED AND DETERMINED

#### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS, THE DISTRICT COURTS, AND THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

---

### FIUNKIN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 18, 1920.)

#### No. 3398.

1. **Criminal law 37—Officer buying drugs illegally sold does not incite commission of offense.**

    The fact that government officers furnished marked money, with which morphine and cocaine were bought under their directions, does not bar a prosecution for the sale of such drugs without payment of the tax thereon, since they did not incite or entrap defendant to commit the offense, having had nothing to do with defendant's possession of the drugs or willingness to sell them.

2. **Internal revenue 47—Burden is on seller of drugs to show payment of tax.**

    Under Harrison Narcotic Act, § 8 (Comp. St. § 6287n), making possession or control of drugs presumptive evidence of a violation of section 1 (section 6287g), of the act, the burden is on defendant, shown to have had possession of such drugs, to prove payment of the tax, and the conviction will not be reversed because the government did not prove nonpayment of the tax.

In Error to the District Court of the United States for the First Division of the Northern District of California; Frank H. Rudkin, Judge.

Paul Fiunkin was convicted of selling morphine and cocaine, and he brings error. Affirmed.

Frank J. Hennessy, of San Francisco, Cal., for plaintiff in error.

Annette Abbott Adams, U. S. Atty., and Wilford H. Tully, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. The defendant, plaintiff in error here, was indicted by two counts, one for having sold to one Donovan

Collins one quarter dram of morphine, and the other for having sold to him one quarter dram of cocaine, without having paid the tax as required by what is known as the Harrison Narcotic Act, of December 17, 1914. After trial, the jury found him guilty on both counts. At the close of the government's case, the defendant moved for an instructed verdict in his favor. This was denied, and, the defendant offering no testimony, the case went to the jury under instructions.

The evidence shows that Dr. C. W. Montgomery, who is connected with the Internal Revenue Department, and Joseph Condit, who had been detailed by the United States Army to the Department of Justice, on the date named in the indictment took with them Donovan Collins, an addict, to 1022 Webster street, in the city of San Francisco, and there gave to him a marked $5 bill and a marked silver half dollar, and instructed him to go into the defendant's place of business and purchase a quarter dram each of morphine and cocaine. Collins went in and made the purchase from defendant of the morphine and cocaine, which defendant is charged with selling without paying the tax as required by law. When the purchase had been consummated, the defendant was arrested, and under search warrant search was made of his person and his place of business. The marked money was found on his person, and five other packages of morphine were found on the premises.

The question presented for decision is whether the court erred in not directing a verdict for defendant, upon the ground and for the reason that the government officers lured and incited the defendant to commit the offenses with which he was charged.

[1] It is argued that the defendant was induced, through the machinations and instigation of the government officers, to commit the offense, or, in other words, that he was entrapped by such contrivance of the officers to do the thing which the law condemns. The evidence fails to show, however, that such was the case. The officers had nothing to do with the defendant's having the drugs in his possession. They had nothing to do with his willingness to sell the same for a consideration. They had nothing whatever to do with the conditions that prevailed prior to the time they sent the addict to the store to make the purchase, nor with the defendant's state of mind or purpose of action, should opportunity present itself, of dealing with the drug as a commodity for sale to those who were willing to buy. Nor did they offer any inducement to the defendant to sell, except that they did, through Collins, offer to buy, and proffered the amount of money that defendant fixed as the price he was willing to take. Nothing beyond this appears in the testimony. It is true that the defendant was entrapped by what was done to sell the drug to the government officers, and to put himself in a position of yielding up evidence of his commission of the offense. But this does not signify that the government officers lured him, or incited or induced him, to do what he would otherwise have done, if any other addict had applied to him to purchase the drug.

The case is not different from those where decoy letters have been sent through the mails to ascertain whether parties are indulging in

unlawful practices. Grimm v. United States, 156 U. S. 604, 15 Sup. Ct. 470, 39 L. Ed. 550, is a case where such a decoy letter was sent through the mail under an assumed name, and was answered, also through the mail, giving the information requested. Defendant was indicted for unlawful use of the mails in giving the information, and the court held him guilty of the offense, notwithstanding the officers of the government thus participated in inducing him to write and post the offending letter. Other authorities are to the same purpose. Goode v. United States, 159 U. S. 663, 16 Sup. Ct. 136, 40 L. Ed. 297; Andrews v. United States, 162 U. S. 420, 16 Sup. Ct. 798, 40 L. Ed. 1023. These authorities are decisive of the question presented. There was no error in the court's refusal to direct a verdict for acquittal.

[2] It is further insisted that no evidence was offered by the government to establish the alleged fact that defendant had not paid the required tax. Section 8 of the Harrison Narcotic Act makes possession or control, not only presumptive evidence of a violation of such section, but also a violation of section 1 of the act, the section under which the indictment was drawn. The evidence disclosed possession in the defendant beyond question, and the burden was cast upon him to show that he had paid the tax. This he did not do.

Judgment affirmed.