Common Pleas Court of Hamilton County

GERTRUDE ROBINSON V. CITY OF CINCINNATI.

(Decided January 7, 1933)

*Edward H. Moeller, Jr.*, for plaintiff in error.
*Harry R. Wernke, F. T. Bartlett*, for defendant in error.

DARBY, J.

The plaintiff in error will be referred to as the defendant in this opinion. She was prosecuted on a warrant in the Municipal Court, charging that she did unlawfully sell to one Mrs. Camden, intoxicating liquor, contrary to the ordinance of Cincinnati. She was convicted and sentenced to pay a fine of $150.00 and stand committed until paid.

The judgment was rendered on April 8, 1932. The record recites that April 18, 1932, "Filed *nunc pro tunc* entry for motion for new trial as of April 11, 1932." The bill of exceptions as to the filing of the motion, recites as follows:

"Thereupon, within eleven days the defendant filed her motion in writing for a new trial, on the grounds therein stated, which motion the court overruled, to which action of the court the defendant excepted, said motion for new trial having been filed by *nunc pro tunc* entry as of proper date. No newly discovered evidence was presented. Said *nunc pro tunc* entry, signed by court, after statement of counsel for defendant that he thought the motion had been filed within three days."

The defense in the case was entrapment by officers of the city. The court heard all the evidence offered on that subject, and found that there was no entrapment, but that the defendant was guilty of violation of the ordinance.

The facts as gleaned from the bill of exceptions are, that Mrs. Camden, who made the purchase, complained to the police of the conduct and treatment of her husband, and two city police went to her home. She showed them a receipt for five dollars which she claimed was a receipt given by the defendant for a former sale of liquor

by the defendant to her. Then, either at the suggestion of the officer or otherwise, the testimony is conflicting, Mrs. Camden called the defendant by telephone and asked if she could send "one over." The defendant said she could, and later appeared at the home of Mrs. Camden, with a gallon of moonshine whisky which she delivered to Mrs. Camden, and which Mrs. Camden paid for with a five dollar bill, which had been loaned to her for that purpose by Officer Sutherland, and which, after the sale was completed, he took out of the possession of the defendant and offered as evidence in the case.

The testimony of Mrs. Camden was that she had previously purchased liquor from the defendant, and that when she ordered it, it was simply by calling for "one," and as a result of that the defendant on two different occasions delivered one gallon of moonshine whisky.

The defendant did not deny delivering the whisky and getting the five dollar bill, but claimed that she did it as a favor to Mrs. Camden, who claimed that she was helping to support herself by getting the liquor and selling it to other persons.

This is substantially the evidence in the case, including that pertaining to the alleged entrapment.

The officers when they went to Mrs. Camden's home, knew nothing about the defendant. They were told that the Robinsons were selling whiskey to Mrs. Camden's husband, and the most that they had to do with the matter was a possible suggestion, that Mrs. Camden telephone for a gallon of whisky and try to buy it, saying that she was prepared to pay for it.

It is difficult to see how any claim of entrapment can be sustained in view of the authorities in such case.

The most recent decision of the Supreme Court of the United States on this subject was in the case of Sorrells, [38 O. L. R. 354] decided Dec. 19, 1932, in which prohibition agents visited Sorrells, passing as furniture salesmen, and because they both claimed to have been in the same Division of the A.E.F. in France, a common bond was established between them. Sorrells was urged by the agents to furnish them with whisky, which he refused to do, but finally, after being urged further, he was prevailed upon

to buy some liquor for them. In that case the court refused to let the question of entrapment go to the jury, and this the Supreme Court held was error and reversed the conviction.

Of course the difference between the Sorrells case and the one at bar is easily perceived. There was no persuasion here, but a mere order, which was immediately and promptly filled.

Instead of the case being an entrapment case, it was more in line with the case of *Grimm* v. *United States,* 165 U. S., 604. In that case it was held:

"When a government detective, suspecting that a person is engaged in a business offensive to good morals, seeks information under an assumed name directly from him, and that person responding thereto, violates a law of the United States by using the mails to convey such information, he cannot when indicted for that offense, set up that he would not have violated the law if the inquiry had not been made of him by the Government official."

To the same effect is *Price* v. *United States,* 165 U. S., 311, holding:

"*Andrews* v. *United States,* 162 U. S., 420, followed to the point that on the trial of a person indicted for violation of the provision of Rev. Stat., Sec. 3893, touching the mailing of obscene, lewd or lascivious books, etc., it is competent for a detective officer of the post office department as a witness to testify that correspondence was carried on with the accused by him through the mails, for the sole purpose of obtaining evidence from him upon which to base the conviction."

In *Moss* v. *State,* 4 Okla. Crim. Rep., 247, it is said:

"1. The state is not estopped from prosecuting a violation of the prohibition law because the purchase of the liquor was made at the instance of the prosecuting attorney and for the purpose of instituting the prosecution thereon."

The last cited case contains a very full discussion of this subject, and states on p. 251:

"We are aware that there are some decisions which apparently uphold the doctrine contended for by plaintiff in error, but the overwhelming weight of authority, and in our opinion all the reasoning, is on the other side,

especially in that class of cases where the offense is one of a kind habitually committed, and the solicitation merely furnishes evidence of a course of conduct."·

Many cases are cited in support of the judgment.

In *Whittington* v. *State,* 160 Ark., 257, it was held:

"The fact that a purchase of intoxicating liquor was induced by an officer for the purpose of prosecuting the seller, constitutes no defense."

In the case of *Diegle* v. *State,* 14 C. C. (N. S.), 289, the court distinguishes between cases of entrapment, where the offense originates in the mind of· the Government agent, and such cases as the so-called "decoy letters" cases, as the Grimm, Price, etc., *infra.*

This case comes clearly within the class of cases in which detectives, decoys, etc. are employed for the purpose of ascertaining whether ·the defendant is violating the law. ·In view of the testimony of Mrs. Camden, which was given against the defendant with marked reluctance, the court below was justified in· finding· that the defendant not only sold the liquor involved in this case, but that she had sold to Mrs. Camden other liquor, for which the latter had a receipt, although the defendant claimed that the receipt was for another purpose. There is a remarkable agreement ·between the testimony of Mrs. Camden and the defendant, to the effect that when Mrs. Camden called up ·she asked if the defendant could send her over "one", and that was understood by both of them to mean one gallon of moonshine liquor.

This court is therefore of the opinion that the judgment of the court below, in . finding that the· defendant was guilty as charged, is fully sustained by the evidence, and that there was an utter failure to show any entrapment within the meaning of the law.. ·

The court has carefully examined the record, with a view of determining whether the. finding of the court below was justified · by the evidence; however, properly speaking, this court could not disturb the finding of the court below, even though it should be of the opinion that the evidence was not sufficient, for the reason that it clearly appears that the ·motion for new trial was not filed

within the time fixed by the statute. The attempted filing of it eleven days after the finding was ineffectual. There is no such thing as a filing of a document *nunc pro tunc*. Orders which have been omitted from the court record may be made at a later date as of the former date, but one may not avoid the effect of a statute, requiring a motion to be filed in three days, by having the court say that he will file it on a later day as of the earlier, statutory date.

The judgment of the Municipal Court is affirmed.