## WEATHERS v. UNITED STATES.
### No. 9912.

Circuit Court of Appeals, Fifth Circuit.

Feb. 28, 1942.

P. Donald DeHoff and William J. De-Hoff, both of Jacksonville, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Damon G. Yerkes, Asst. U. S. Atty., of Jacksonville, Fla., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant, Alvah H. Weathers, charged in two counts with depositing and causing to be deposited in the mail certain papers and letters, intending to give Miss Mary DeVeaux information where, how and by whom an abortion might be produced,[1] was heretofore tried and convicted on the first count and acquitted on the second. The conviction was reversed for error in the trial.[2] A second trial on the first count resulted in conviction, followed by this appeal, in which five errors are specified and argued.

1. Certain letters, written after the letter set out as the basis of the first count, and more particularly connected with a letter which was the basis of the second count, were admitted over objection. The acquittal under the second count of course prevented another trial for mailing the letter on which that count was based, but it did not necessarily render irrelevant to the

[1] 18 U.S.C.A. § 334.

[2] Weathers v. United States, 5 Cir., 117 F.2d 585.

trial of the first count this evidence though also appropriate to the second count. The accused admitted writing and mailing the letter set out in the first count, and the main question was his intent in so doing. The whole connected correspondence which followed is relevant to that question. One letter is said to have been insufficiently identified. The district attorney replies that it was not put in evidence. We can find in the record no such objection or ruling, nor can we tell which letter is meant.

■ 2. The letter set forth in the first count was an answer to a decoy letter sent out by a postoffice inspector. It is contended that there was an unlawful "entrapment" of the accused, and that his reply ought to have been excluded and an acquittal directed. It is well settled that when a person is reliably reported to be violating a law, or when the circumstances show it is likely, he may by an officer be tested by an opportunity, a decoy. Price v. United States, 165 U.S. 311, 17 S.Ct. 366, 41 L.Ed. 727; Andrews v. United States, 162 U.S. 420, 16 S.Ct. 798, 40 L.Ed. 1023; Rosen v. United States, 161 U.S. 29, 16 S.Ct. 434, 40 L.Ed. 606. But an officer ought not to lure a man who is not criminal-minded into committing a crime for the sake of punishing somebody. The courts will not, as a matter of good policy, sanction a conviction where a person not justly an object of suspicion is through undue temptation or pressure by an officer induced to become a criminal. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249. In this case Weathers, a physiciain, was known for a long time to have been advertising under another name a "maternity home", which was really his own home, where he treated patients and had a few beds for their use. The advertisements were published in several newspapers in three States, and many of the newspapers were of course carried in the mails. The advertisements invited correspondence addressed to a postoffice box of a friend of Weathers. The postoffice inspector was informed that abortions were in fact being performed. Knowing that the advertisements were being carried in the mails, he concluded that they really were intended for patients who were seeking abortions. He wrote the decoy letter purporting to be from a single girl in another State, pregnant for six weeks, asking for a solution of her trouble, and saying she had some money but must leave her city. The accused, under the name as-

sumed in advertising, answered, telling her to come to Jacksonville, to a stated address (being the home of Dr. Weathers), and call for Dr. Weathers, and she could probably return home in a week or ten days. It was left to the jury to say whether under these circumstances there was an unlawful temptation offered by an officer. We find no error. No unusual offers of money, or appeals to sympathy were made, or other things practiced which might seduce the law-abiding. The known circumstances and information put Dr. Weathers under a reasonable suspicion that he was misusing the mails, and the effort to test him was not unlawful. Upon the trial there was evidence, though denied, that he was in fact engaged in abortion work.

■ 3. The evidence, direct and circumstantial, that abortions were being produced by Dr. Weathers was objected to as proving a violation of State law, and not relevant to the federal charge. The commission of other crimes is generally irrelevant, but where the charge on trial is that a letter was mailed having reference to producing an abortion, and it is questioned whether it did mean that, it is relevant to enquire whether the writer, Dr. Weathers, was engaged in such work; and the relevancy is not destroyed because a State crime happens to be involved.

4. It is contended that the district attorney went out of bounds in his argument to the jury. Neither the grounds of appeal nor specifications of error give any details. The record shows much heat on the part of counsel for both sides, and numerous objections were sustained to arguments. At one time the court sent the jury out and reproved both counsel for their conduct. We do not sanction much that was said and done by counsel, but find no error on the part of the court, and no such occurrences as ought to nullify the trial.

■ 5. It is urged that the judge coerced the verdict. The only specific complaint is that after the jury had stated they were hopelessly disagreed the judge gave in substance the charge touching the duty of jurors to agree which was approved in Allen v. United States, 164 U.S. 492, 501, 17 S.Ct. 154, 41 L.Ed. 528. It was ameliorated by such expressions as: "No juror is expected to yield a conscientious conviction he may have upon the evidence. * * * It is your duty, gentlemen of the jury, to agree unless it does violence to your conscience."

Such a charge having been held by the Supreme Court to state correctly the jury's duty, to give it cannot of itself be an undue coercion. It seems not to have had any immediate coercive effect, for the jury after further deliberation again announced their disagreement, and suggested that they sleep over it. They next suggested that their difference was about "entrapment", and the judge repeated at length his former charge on that subject. The jury again reported disagreement, and asked to be adjourned till morning. After reconvening the next day the jury delivered a verdict of guilty. No error of coercion appears.

Judgment affirmed.