## MOORE v. UNITED STATES.

### No. 10426.

Circuit Court of Appeals, Fifth Circuit.

Dec. 14, 1942.

Rehearing Denied Jan. 21, 1943.

Clint W. Hager, of Atlanta, Ga., for appellant.

J. Saxton Daniel, U. S. Atty., and Julian Hartridge, Asst. U. S. Atty., both of Savannah, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This is the second appeal in this case. The conviction of Victor S. Moore was reversed on the first appeal for prejudicial error committed in the trial. Moore v. United States, 5 Cir., 123 F.2d 207. A new trial was had, and Moore was again convicted on all five counts of the indictment. On the first count, the conspiracy count, he was sentenced to serve a term of two years in the penitentiary, and to pay a fine of $3,500.00. Imposition of sentence was suspended on the other counts, and Moore was placed on probation; the probation to begin at the expiration of the penitentiary sentence. The material facts in this record are substantially the same as those on the first appeal, and no good purpose can be served by again setting them out.

On the cross examination of certain witnesses who had testified that the defendant had a reputation for violating the Internal Revenue Laws pertaining to liquor, counsel for the defendant attempted to make evidence by interpolating into his questions information which was irrelevant and improper. The court committed no error in reprimanding counsel for the improper manner in which he was framing his questions.

Appellant complains of the action of the court in questioning witnesses in the course of the trial. The questions were helpful in developing the facts and eliciting direct statements from the witnesses, which statements were at times altogether favorable to the defendant. Moreover, the court was careful to explain to the jury that they were not to infer from his questions that he sought either conviction or acquittal of the defendant, and that his only purpose in asking questions was to see that the evidence was fully and clearly presented to the jury—they being the sole judges of the facts. The interrogation of witnesses by

the court did not constitute error. Morrissey v. United States, 9 Cir., 67 F.2d 267; Kettenbach v. United States, 9 Cir., 202 F. 377; United States v. Lee, 7 Cir., 107 F.2d 522, certiorari denied, 309 U.S. 659, 60 S.Ct. 513, 84 L.Ed. 1008.

The witnesses Vick and Evans were examined in accordance with the rule we laid down before as to the admission and rejection of testimony touching reputation; and counsel for defendant was permitted to present his evidence fully, and was given wide latitude in his cross examination of adverse witnesses.

█ It was shown that Moore owned more than three thousand acres of fenced-in land in McDuffie County, Georgia; that much of the acreage was woodland and not under cultivation; and that several stills had been found upon this land from time to time by the officers. The evidence was in dispute on every material question. Officials and elective office holders of McDuffie County testified that Moore was a man of good character. Government counsel on cross examination, by searching questions, attempted to ascertain if the witnesses were biased or had an interest in the outcome of the case and to show that Moore was influential in local politics and controlled many votes in the county. In his argument to the jury counsel for the government, in commenting on the weight to be given to the testimony of these character witnesses, injected argument touching on their alleged political affiliations, and their eagerness to appear and testify in Moore's behalf. Thereupon counsel for the defendant moved for a mistrial. The court overruled the motion and instructed the jury that the case was to be tried on the evidence, and "not on the arguments of counsel". Appellant contends that this argument was so prejudicial that the case should be reversed for another trial. While we do not approve the argument, we do not think it should work a reversal of the case. It clearly appears that the court informed the jury at the time the motion for mistrial was overruled that only the evidence was to be considered in arriving at a verdict. In the light of the whole record, and the full and fair charge of the court, to which no objection was made, we are of opinion and so hold that the remarks of counsel were not such as to require a reversal of the case. Cf. Weathers v. United States, 5 Cir., 117 F.2d 585, and 5 Cir., 126 F.2d 118.

There is abundant evidence to support the verdict. The judgment is

Affirmed.