PASQUA et al. v. UNITED STATES.

No. 11112.

Circuit Court of Appeals, Fifth Circuit.

Jan. 3, 1945.

Rehearing Denied Feb. 20, 1945.

G. W. Gill, of New Orleans, La., for appellants.

Herbert W. Christenberry, U. S. Atty., of New Orleans, La., for appellee.

Before HOLMES, McCORD, and LEE, Circuit Judges.

McCORD, Circuit Judge.

Blaise Pasqua, Mildred Ferris and Mary Lee Hendrix were convicted for violation of the White Slave Traffic Act, Title 18, Sec. 398, U.S.C.A.

The indictment contains two counts and charges the defendants with having transported and caused to be transported three girls in interstate commerce from a town in Georgia to Thibodaux, Louisiana, for the purpose of prostitution and debauchery and with the intent and purpose to induce, entice and compel them to become prostitutes and to give themselves up to debauchery. The second count is substantially the same as the first, except that it names three different girls and designates a different town in Georgia from which they came.

Blaise Pasqua owned and operated a roadside night club and tavern just outside the town of Thibodaux, Louisiana. His establishment contained a bar at which liquor was sold and a dimly lighted dance floor, the music for which was furnished by automatic music machines. Pasqua employed girls who engaged in lewd and lascivious dancing with the customers, and who lived in rooms adjacent to the dance floor. The two defendants, Mildred Ferris and Mary Lee Hendrix, were employed in Pasqua's establishment. The girls brought into this road house were instructed to have the customers buy for themselves and for the girls as many drinks as possible. The girls usually ordered for themselves imitation alcoholic drinks, and which were known to the trade as "B" drinks. The drinks served to the customers were alcoholic drinks and they received a commission on both the drinks which they consumed and also drinks consumed by the customers, with whom they were seated or danced.

The evidence shows that Mildred Ferris and Mary Lee Hendrix, at the direction of Pasqua, visited certain towns in Georgia where they had once lived and brought back to Louisiana three young girls; the sheriff informed Pasqua that two of the girls were too young to work in his place and Pasqua thereupon employed a taxicab driver to return them to Georgia. The two defendants, Ferris and Hendrix, accompanied the girls home. The third girl worked for Pasqua and finally practiced prostitution. On this second trip to Georgia, Ferris and Hendrix induced three other girls to return with them to Louisiana to work for Pasqua in his establishment, and under the tutelage of Pasqua and Ferris and Hendrix they practiced prostitution or, as they expressed it, "filled dates."

At the conclusion of the evidence for the Government the defendants declined to offer any evidence.

Two of the young girls who had worked for Pasqua were called by the Government as witnesses, and they changed their testimony materially from the written statements which they had given to officers before the trial. One of the witnesses returned to the stand and admitted that the defendant Pasqua had induced her to change her testimony so as to benefit the defendants. The court was therefore warranted in admonishing these witnesses that they were under oath and that nothing short of the truth would be countenanced or tolerated in the giving of their testimony. Young v. United States, 5 Cir., 107 F.2d 490; Steiner v. United States, 5 Cir., 134 F.2d 931, 935; Adler v. United States, 5 Cir., 182 F. 464.

The record discloses that the trial judge from time to time would break in and interrupt questions being propounded to the witnesses both by counsel for the Government and for the defendants. This line of questioning appears throughout the trial and until the conclusion of the evidence. This practice of the court was highly improper, as it prevented an orderly trial of the case. However, we do not find that such practice by the trial judge constitutes prejudicial error in this case. A similar practice of the court in the case of Gomila v. United States, 5 Cir., 146 F.2d 372, recently decided, cumulated with other errors discussed therein, was held to be prejudicial. In that case the testimony connecting the appellants with the crime charged was almost wholly that of confessed accomplices, uncorroborated. Here the testimony establishing the guilt of the appellants is uncontradicted and of a nature to leave no room for doubt as to the

guilt of appellants. Under such condition, the error of the trial judge was not prejudicial. Steiner v. United States, 5 Cir., 134 F.2d 931, 935; Young v. United States, 5 Cir., 107 F.2d 490. Cf. Adler v. United States, 5 Cir., 182 F. 464; Moore v. United States, 5 Cir., 132 F.2d 47; Hunter v. United States, 5 Cir., 62 F.2d 217; Williams v. United States, 9 Cir., 93 F.2d 685.

The oral charge of the court was not excepted to by counsel for the defendants. While that charge contains errors, the guilt of the defendants is so overwhelmingly shown by the record that we think the administration of justice does not require us to take notice of such errors.

We find no reversible error in the record, and the judgments are affirmed.