**Mario ESCANDAR, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18324.**

United States Court of Appeals
Fifth Circuit.

Oct. 11, 1961.

Rehearing Denied Nov. 14, 1961.

A secondary issue is whether the court adequately charged the jury on entrapment.

The record here clearly supports a finding of guilt of the appellant of the offense of selling narcotic drugs contrary to the statute. The evidence also fully warranted the jury's finding against the defense of entrapment. During the trial counsel for the defendant sought to introduce in evidence, in support of his contention that the defendant had been entrapped, a tape recording of a conversation between the defendant and the special agent or informer who participated in the sale in question. The trial court ruled out such evidence. Appellant here, relying almost entirely on Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848, argues that since the informer, in participating in the sale of the narcotics, represented the United States, he thus became an agent under the familiar principles of a principal-agent relationship and that thus the United States was bound by statements thereafter made by the informer to the effect that he had "framed" the defendant.

The United States relies principally on Eastman v. United States, 9 Cir., 212 F. 2d 320.

We are satisfied that nothing in the Sherman case justifies a holding that an agent for a special purpose may, after such purpose has been consummated, by expressing his views as to what he has done or his motive in doing it, bind his principal as by an admission against interest. The Supreme Court's holding in the Sherman case was that what a special agent or informer actually did at the time he was participating in the transaction could be proved and this could be done by his own testimony. In the case before us the informer was available at the trial to be called as a witness by either party, but was called by neither. Of course, if he had been called by the accused his testimony as to what was actually done and said at the time of the transaction in question would be admissible in evidence. Such was the Sher-

Arthur B. Cunningham, Philip T. Weinstein, Miami, Fla., Harvey J. St. Jean, Miami Beach, Fla., for appellant.

David Clark, Asst. U. S. Atty., E. Coleman Madsen, U. S. Atty., Miami, Fla., Jacob F. Bumstead, Jr., Special Atty., on the brief, Washington, D. C., for appellee.

Before TUTTLE, Chief Judge, and JONES and WISDOM, Circuit Judges.

TUTTLE, Chief Judge.

The principal issue in this case is the contention by the accused that the trial court erred in refusing him, on trial for narcotics law violation, the right to offer in evidence a tape recording of out of court statements made by a government informer some two months after the informer's participation led to the arrest.

man case. We conclude that the trial court did not err in ruling out the proffered evidence.

This Court has frequently expounded the law touching on the subject of entrapment. See Accardi v. U. S., 5 Cir., 257 F.2d 168, certiorari denied 358 U.S. 883, 79 S.Ct. 124, 3 L.Ed.2d 112; Lathem v. U. S., 5 Cir., 259 F.2d 393; Wall v. U. S., 5 Cir., 65 F.2d 993; Weathers v. U. S., 5 Cir., 126 F.2d 118, certiorari denied 316 U.S. 681, 62 S.Ct. 1267, 86 L.Ed. 1754. We think the charge given by the trial court here, which was not objected to, adequately covered the issue. Counsel for the defendant did not point out in what manner his requested charge failed to meet the requirements which the courts have established. However, we do not find that the refusal to give the appellant's request charge was error even if the point had been adequately saved.

It appearing that no error was committed on the trial of the case, the judgment is

Affirmed.