**UNITED STATES of America,**

v.

**Alphonso CAMPBELL, Defendant.**

**No. 64 CR 167.**

United States District Court
E. D. New York.

Nov. 6, 1964.

Robert Kraft, Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty., of counsel), for the Government.

Richard I. Rosenkranz, New York City (Anthony F. Marra, New York City, of counsel), for defendant.

DOOLING, District Judge.

Defendant is charged, by information, with engaging in the business of accepting wagers on horse races without registering under 26 U.S.C.A. § 4412(a) or paying the tax of 26 U.S.C.A. § 4411. The only evidence of such a continuity of activity as could amount to being "engaged" either "in the business of accepting wagers" or "in receiving wagers" was evidence of the receipt of a series of wagers from Agents of the Internal Revenue Service at their solicitation effected through a man defendant had known for forty years; there was no evidence that defendant had theretofore been suspected, reasonably or otherwise, of being engaged in receiving wagers and there was only one episode, somewhat ambiguous, of the receipt of a wager from any other person and that was coincident with the last of the series of wagers placed by the Internal Revenue Agents. On the facts it is concluded that there must be an acquittal.

If "entrapment" is concerned with "the *manufacturing* of crime by law enforcement officials and their agents" (Lopez v. United States, 1963, 373 U.S. 427, 434, 83 S.Ct. 1381, 1385, 10 L.Ed.2d 462), it is present here where Government solicitation appears to have generated the disposition to "engage" in the receipt of wagers and Government wagers were the whole content of the defendant's "engaging in receiving wagers." That there

was a series of wagers is no matter where, at least, all were Government wagers, repeatedly evidencing nothing to the point (Sherman v. United States, 1958, 356 U.S. 369, 375, 78 S.Ct. 819, 2 L.Ed.2d 848) and, in the very end, shaking from the defendant's presumed innocence and unready complaisance no more than one other, and an ambiguous, wager, taken from or for an old acquaintance. Taking all the evidence together, there cannot here be a conclusion that the defendant was the author of any criminal design involved or harbored any disposition to commit the crime involved except as the Agents implanted it in his mind. Sorrells v. United States, 1932, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed 413.

■ It may be said that it is not *per se* unlawful to receive wagers and that the offense is failing to pay the tax and to register, which defendant was free to do and required to do. But it was unlawful under State law when and where done (New York Penal Law, § 986, McKinney's Consol.Laws, c. 40) and, as the Agents knew, it was unlawful under Federal Law for an unregistered person who had not paid the occupational tax to receive wagers; the Agents' activity was purposeless except as an entrapment for, surely, there is no Congressional purpose that the agents of Government should place wagers as a means of inducing a registration of gamblers and the payment of the occupational tax on that basis. Cf. Sorrells v. United States, supra, 287 U.S. at 448, 53 S.Ct. 210.

The case differs from those where a just suspicion of offense already attaches to the defendant, so that the Agents' activities but expose and facilitate the proof of independently existing criminal activity rather than, as the Court once put it (Scott v. United States, 1899, 172 U.S. 343, 351, 19 S.Ct. 209, 212, 43 L.Ed. 471), " * * * placing temptation before a man, and endeavoring to make him commit a crime." Weathers v. United States, 5th Cir. 1942, 126 F.2d 118; Lunsford v. United States, 10th Cir. 1952, 200 F.2d 237, 239; United States v. Masciale, 2d Cir. 1956, 236 F.2d 601,

603, aff'd 1958, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859; United States v. Place, 2d Cir. 1959, 263 F.2d 627, 629; Walker v. United States, 5th Cir. 1960, 285 F.2d 52, 56; United States v. Santore, 2d Cir. 1960, 290 F.2d 51, 66. The great difference is that the Agents' activities must serve to throw light on independently existing criminality and must not themselves be the constitutive elements of all the offense that is made to appear. The test of criminality is not the embittered and disdainful standard of Mark Twain's The Man that Corrupted Hadleyburg, the ability to withstand calculated temptation by the Government, but the more useful standard of actual engagement in the criminality at the solicitation of others than the Government; where that exists, the evidence of Agents' activities is useful, but useful only as it proves criminality beyond that which consists solely in the immediate reciprocals of the Agents' acts.

It follows that in this case there must be an acquittal on both counts.