**UNITED STATES of America**

v.

**Charles D. CARLEO, Appellant.**

No. 15792.

United States Court of Appeals Third Circuit.

Argued Oct. 7, 1966.

Decided Nov. 4, 1966.

Martin M. Sheinman, Pittsburgh, Pa. (Morris, Safier & Teitelbaum, Pittsburgh, Pa., on the brief), for appellant.

Nick S. Fisfis, Asst. U. S. Atty., Pittsburgh, Pa. (Gustave Diamond, U. S. Atty., on the brief), for appellee.

Before FORMAN, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

The appellant, Charles Carleo, was charged in a two-count information with wagering tax violations. Judgment of acquittal was ordered in the first count which charged a wilful failure to file a return in violation of 26 U.S.C. § 7203. In trial by jury on the second count, he

was found guilty of a violation of 26 U.S.C. § 7262 in that he failed to pay a tax imposed by 26 U.S.C. § 4411. The District Judge sentenced him to pay a fine of one thousand dollars, but on a representation by Mr. Carleo that he was presently unable to pay, the Judge suspended the requirement of immediate payment and placed Mr. Carleo on probation for five years on the condition that he pay twenty-five dollars a month until the fine was paid in full.

The appellant urges here (1) that a judgment of acquittal should have been granted on the second count; (2) that the trial judge erred in charging on the meaning of "engaged in receiving wagers" under 26 U.S.C. § 4411;[1] and (3) that the sentence imposed was improper.

The evidence showed that Mr. Carleo, who was Secretary to the local School Board, would regularly tend the confectionery store of his friend, Joe Zazza, for about an hour and a half after school each day. Mr. Zazza possessed a gambling stamp, having paid the federal wagering tax, had his stamp displayed in the store, and was engaged in the business of receiving "numbers" wagers.[2] Mr. Carleo knew of Mr. Zazza's involvement in the numbers game. On three separate occasions, during September and October 1965, Mr. Carleo took bets—four in all—on numbers played by an undercover agent of the Internal Revenue Service which were turned over to Mr. Zazza. On one occasion he recorded the bet on the inside of a cigar box where other bets were recorded. Mr. Carleo admitted the above facts.

 There is enough evidence for a jury to have concluded that Mr. Carleo was engaged in receiving wagers on behalf of Joe Zazza. The District Judge was not required to grant a judgment of acquittal.[3]

 In his charge the District Judge stated essentially that "engaged in receiving wagers" required that the defendant be involved in knowingly transmitting the money and number played from the bettor to the banker; that he need not do so regularly; that no profit motive on Mr. Carleo's part need be shown; that Mr. Carleo's involvement could be large or small; that if the jurors found from the evidence beyond reasonable doubt that the bets were taken without payment of the tax, they would be justified in convicting on the second count. The Judge was not required to charge that Mr. Carleo need be in the business or occupation of receiving wagers.[4] The charge was full, fair, and considered.[5] There was no error.

 Mr. Carleo's probation, however, cannot endure beyond the full payment of the fine. On the present schedule of payment prescribed by the District Court, Mr. Carleo will have paid the

---

1. Section 4411 of 26 U.S.C. provides as follows:

 "There shall be imposed a special tax of $50 per year to be paid by each person who is liable for tax under section 4401 or who is engaged in receiving wagers for or on behalf of any person so liable."

2. For the mechanics of the numbers game see United States v. Manos, 340 F.2d 534, 536 (3 Cir. 1965).

3. Hodges v. United States, 223 F.2d 140 (5 Cir. 1955). United States v. Campbell, 64–2 U.S. Tax Cases ¶ 15.599, 235 F.Supp. 190 (E.D.N.Y.1964), cited by the appellant, supports the decision here on the sufficiency of the evidence. The court there specifically found the requisite engagement in receiving wagers (Finding of Fact No. 34), but ordered judgment of acquittal upon a finding of entrapment, as is made clear from the court's opinion reported at 235 F. Supp. 190 (1964). No such defense was raised in this case at the trial nor argued before this Court, and thus it was not plain error under Rule 52(b) for the District Judge not to have charged on such defense. See Chavira Gonzales v. United States, 314 F.2d 750 (9 Cir. 1963); United States v. Ginsberg, 96 F.2d 882 (7 Cir.) cert. den. 305 U.S. 620, 59 S.Ct. 81, 83 L.Ed. 396 (1938).

4. Compare the language of 26 U.S.C. § 4401(c) requiring that the taxpayer be "engaged in the business of accepting wagers."

5. See Hodges v. United States, supra note 3.

fine in full in three years and four months. At that point, or, upon earlier payment, the probation must cease.

Thus the judgment of the District Court as to the conviction will be affirmed and the case will be remanded for sentencing in accordance with the directions expressed herein.